575 A.2d 150

**COMMONWEALTH of Pennsylvania**

v.

**Robert G. SMITH, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 26, 1990.

Filed June 4, 1990.

Vincent J. Quinn, Chief Public Defender, Lancaster, for appellant.

Henry S. Kenderdine, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before ROWLEY, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence. Appellant entered a plea of guilty to one count of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), on January 6, 1989, in connection with the August 9, 1988, robbery of the Meridian Bank branch office at 30 N. Queen Street, Lancaster, Pennsylvania. Appellant was sentenced on February 28, 1989, to a term of imprisonment of not less than six years, eight months nor more than twenty years, plus a fine, costs, and restitution. Appellant filed a timely motion to modify sentence, which was dismissed, and a timely notice of appeal. Appellant raises two issues for our consideration, both relating to his sentence. We will deal with these issues *seriatim.* Finding no merit to either issue, we affirm the judgment of sentence.

Appellant's first issue is "Whether this court should review the discretionary aspects of the lower court's sentence even if this court finds that the Pa.R.A.P. 2119(f)

statement fails to state a substantial question that the sentence is not appropriate under the sentencing code since 42 Pa.C.S.A. § 9781 violates Article V, Section 9 of the Pennsylvania Constitution?"[1] Section 9781(b) of the Sentencing Code, 42 Pa.C.S.A. § 9781(b), states:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

Article V, Section 9 of the Pennsylvania Constitution states:

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

While Article V, Section 9 of the Pennsylvania Constitution grants a right of appeal, it does not state that the appeal must necessarily deal with all aspects of the case below. The legislature and courts of this Commonwealth have provided a workable scheme for appellate review of the discretionary aspects of sentencing. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Any appellant who raises a substantial question whether the sentence imposed is inconsistent with a specific provision of the Sentencing Code or contrary to the norms underlying the sentencing process will be entitled to allowance of appeal, while appellants who cannot raise a substantial question will not. *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115

---

1. Because of its nature, this question could not have been raised in the lower court. We therefore reach this issue despite the fact that it was not raised below.

(1987). This limitation on one aspect of a criminal appeal is a reasonable regulation concerning the right to appeal; we hold that it does not violate Article V, Section 9 of the Pennsylvania Constitution.[2]

■ Appellant's second issue is "Whether the sentence of the lower court was so manifestly excessive as to constitute an abuse of discretion where the defendant received a sentence at the top of the aggravated range of the sentencing guidelines?" Appellant was sentenced to a term of imprisonment of not less than six years, eight months nor more than twenty years, plus fines, costs and restitution. The six-year, eight-month minimum term of imprisonment was the harshest sentence the court could have imposed for appellant's guilty plea to robbery, a first-degree felony, under the sentencing guidelines. Appellant's arguments, in his Pa.R.A.P. 2119(f) statement, concern only the weight the trial court gave to legitimate sentencing factors. This alone does not raise a substantial question. *Commonwealth v. Osteen*, 381 Pa.Super. 120, 552 A.2d 1124 (1989). We therefore deny allowance to appeal the discretionary aspects of sentence.[3]

As we find no merit to either issue raised on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

**2.** We recognize that in some cases, such as appellant's, the only questions appellant presents on appeal will relate to the discretionary aspects of sentencing. While denial of allowance of appeal may prevent such an appellant from having complete appellate review of the merits of his complaints, it strips an appellant of his right to appeal no more than does strict enforcement of rules of waiver and jurisdictional requirements. While the Constitution grants the right to appeal, the legislature and the courts have the power to enact reasonable regulations which control the exercise of that right. *See Sayres v. Commonwealth*, 88 Pa. 291 (1879). For a contrary view, *see Commonwealth v. Laskaris*, 385 Pa.Super. 339, 561 A.2d 16 (1989) (Del Sole, J., concurring); *Commonwealth v. Barnes*, 388 Pa.Super. 327, 565 A.2d 777 (1989) (Del Sole, J., concurring).

**3.** We note, however, that the trial court gave a detailed statement of the reasons for its sentence, and was fully informed by a pre-sentence report. *See Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988).