576 A.2d 1108

COMMONWEALTH of Pennsylvania

v.

Nelson C. CLEVER, Appellant.

Superior Court of Pennsylvania.

Submitted May 14, 1990.

Filed July 3, 1990.

Blake E. Martin, Public Defender, Chambersburg, for appellant.

David W. Rahauser, Asst. Dist. Atty., Chambersburg, for Com., appellee.

Before TAMILIA, CERCONE and HESTER, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered after appellant, Nelson C. Clever, pled guilty to one count of corruption of minors.[1] For the reasons set forth below, we affirm the action of the trial court.

1. 18 Pa.C.S.A. § 6301.

The record in the instant case discloses that appellant was initially charged, in connection with acts he perpetrated on his children, with one count each of involuntary deviate sexual intercourse, indecent assault, corruption of minors, endangering the welfare of children, and with two counts of simple assault. Because the victims, appellant's daughters, did not wish to testify against their father, the lower court accepted a negotiated plea agreement under which appellant pled *nolo contendere* to one count of corruption of minors and the Commonwealth nol-prossed the remaining charges. On September 27, 1989, appellant was sentenced to a term of incarceration of between two and one-half (2½) and five (5) years to be served in a state correctional institution. Appellant's motion for modification of sentence was denied October 11, 1989 and the instant timely appeal followed on October 27, 1989.

Appellant has raised one issue for our consideration: whether the sentence imposed was so manifestly excessive that it constituted an abuse of discretion by the trial court. The gravamen of appellant's complaint is that he was sentenced to a term of incarceration in excess of that recommended by the Sentencing Guidelines, that he would have preferred to serve his sentence in the county jail rather than in a state institution, and that the trial court did not properly explain the rationale for the sentence imposed. Although appellant does not contend that the sentence imposed was beyond the statutory range for the crime charged, he nevertheless argues that the sentence was illegal in his case because the sentencing court failed to provide a contemporaneous written statement explaining the reasons for deviating from the Sentencing Guidelines.

Appellant challenges the discretionary aspects of his sentence and his brief correctly includes a separate statement which attempts to demonstrate that a substantial question exists regarding the appropriateness of the sentence imposed as required by the Pennsylvania Rules of Appellate Procedure. *See* 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). "However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* We find that appellant's averments advance at least a colorable argument that the fundamental norms underlying the sentencing process have been compromised in his case. We may therefore consider the merits of appellant's claim.

■ Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *allocatur denied* 516 Pa. 632, 533 A.2d 91 (1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985); *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983). When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Commonwealth v. Fries*, 362 Pa.Super. 163, 167, 523 A.2d 1134, 1135 (1987), *allocatur denied* 515 Pa. 619, 531 A.2d 427 (1987).

■ Appellant argues, *inter alia*, that the lower court failed to provide an appropriate contemporaneous written statement explaining the reasons for sentencing outside the Guidelines as required by *Commonwealth v. Royer*, 328

Pa.Super. 60, 476 A.2d 453 (1984).[2] Contrary to appellant's contentions, however, the record certified on appeal contains a copy of a contemporaneous written statement completed by the sentencing court at the time the sentence was imposed. Although the written explanation for departure from the Sentencing Guidelines and the order imposing sentence were not filed by the lower court clerk on the same date, both were signed and dated by the lower court judge on September 27, 1989. Furthermore, the requirement of a contemporaneous written statement explaining any deviation from the Sentencing Guidelines is satisfied when the sentencing judge states the reasons for his actions on the record and in the defendant's presence. *Commonwealth v. Smith*, 369 Pa.Super. 1, 6, 534 A.2d 836, 838 (1987), *citing Commonwealth v. Chesson*, 353 Pa.Super. 255, 509 A.2d 875 (1986) and *Commonwealth v. Royer*, *supra*. The record of the sentencing hearing shows that the lower court provided such an explanation to appellant on the record. We therefore conclude that appellant is not entitled to relief on this basis.

In the case *sub judice*, the sentence imposed is within the statutory limits and cannot on this ground be considered inordinate. Our supreme court has recently ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information regarding a defendant's character along with mitigating statutory factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). In the instant case, the record clearly indicates that the lower court had the benefit of a pre-sentence report. Further, the sentencing judge conducted a lengthy verbal exchange with appellant at the sentencing hearing during which the pre-sentence report and the sentencing rationale

2. Although *Royer* was decided under the former Sentencing Guidelines, the current Guidelines also contain a provision requiring the sentencing court to provide a "contemporaneous written statement of the reason or reasons" for the deviation from the Guidelines. 204 Pa.Code § 303.1(h) (1989). *See* 42 Pa.C.S.A. § 9721 (reproducing the current provisions of the Sentencing Guidelines).

employed were thoroughly discussed. The requirement that the lower court explain the rationale for the sentence imposed as set forth in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) and clarified by *Devers, supra,* has been more than satisfied. We find that appellant has not received manifestly excessive punishment and that the sentencing court provided an adequate explanation for the sentence imposed.

Judgment of sentence affirmed.