624 A.2d 661

**COMMONWEALTH of Pennsylvania**

v.

**Charles Richard BRETER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 1993.

Filed May 17, 1993.

Joseph P. Burt, Erie, for appellant.

Joseph P. Conti, Asst. Dist. Atty., Erie, for Com.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the March 4, 1992 judgment of sentence for driving under the influence,[1] homicide by motor vehicle,[2] careless driving,[3] driving a vehicle at safe speed,[4] and operating a vehicle without inspection.[5]   Appellant, Charles Breter, presents the following question on appeal:

> Whether the sentencing court erred and abused its discretion when it imposed a manifestly and unreasonable sentence, including a sentence outside the top of the aggravated range of the guidelines, under the circumstances and the facts of the case, without expressing specific reasons to justify imposition of such a severe sentence?

1.  75 Pa.C.S. § 3731.
2.  75 Pa.C.S. § 3732.
3.  75 Pa.C.S. § 3714.
4.  75 Pa.C.S. § 3361.
5.  75 Pa.C.S. § 4703.

Appellant's Brief at 2. For the reasons that follow we affirm the judgment of sentence for driving under the influence and vacate the judgment of sentence for homicide by motor vehicle and remand for resentencing.

The procedural history of this case is as follows. On January 2, 1992, appellant pled guilty to driving under the influence, homicide by motor vehicle, careless driving, driving a vehicle at unsafe speed and operating a vehicle without inspection. On March 4, 1992, appellant was sentenced to a term of imprisonment of six to twenty-four months on the driving under the influence charge, and a consecutive term of imprisonment of twenty-four months to five years imprisonment on the homicide by motor vehicle charge. Fines of sixty-five dollars each were imposed on the other charges. A motion to modify sentence was filed and denied. This timely appeal followed.

The relevant facts are as follows. On December 8, 1990, appellant was driving home from a local store in the southbound lane. Another vehicle was stopped in the northbound lane. The victim, Sharon Smith, was standing along side the vehicle with one other teenage girl and two children. As appellant approached the stopped vehicle, one of the small children began to run across the road directly in the path of appellant's vehicle. The victim pulled the child back and in the process was hit by appellant's vehicle. The victim died shortly thereafter. The appellant was then taken to a hospital where a blood test was taken approximately two hours after the accident. Appellant's blood alcohol level was determined to be .07 percent. On July 15, 1991, appellant was charged in connection with the above accident.

Preliminarily, we note that appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal with regard to his sentencing claims. Thus, the brief complies with the procedural dictates of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), and we may proceed to "determine, in [our] own discretion, whether there is a substantial issue requiring [us] to review the discretionary aspects of the sentence imposed by

the trial court." *Commonwealth v. Krum,* 367 Pa.Super. 511, 519, 533 A.2d 134, 138 (1987).

■ Appellant's challenge to his sentence can be divided into three components: (1) that the trial court failed to adequately consider mitigating factors; (2) that the sentence imposed was excessive; and (3) that the trial court failed to specify the reasons for imposition of a sentence in excess of the aggravated range on appellant's conviction for homicide by motor vehicle. As to appellant's first claim, a challenge to the weight accorded sentencing factors does not raise a substantial question absent extraordinary circumstances. *Commonwealth v. Mobley,* 399 Pa.Super. 108, 116, 581 A.2d 949, 952, (1990); *Commonwealth v. Osteen,* 381 Pa.Super. 120, 552 A.2d 1124 (1988). We find no such circumstances in the instant case. Regarding appellant's second claim, a claim of excessiveness does not raise a substantial question where the sentence is within the statutory limits. *Mobley,* 399 Pa.Super. at 116, 581 A.2d at 952 (1990); *Commonwealth v. Dungan,* 372 Pa.Super. 323, 539 A.2d 817 (1988). Finally, appellant argues that the trial court abused its discretion by imposing a sentence outside the aggravated range of the guidelines without expressing specific reasons to justify the sentence. We agree and accordingly vacate appellant's sentence for homicide by motor vehicle and remand for resentencing. In essence, appellant's third contention charges that the trial court sentenced appellant outside of the guidelines, without providing an adequate contemporaneous statement of the reasons for such deviation. This claim presents a substantial question for our review. *See Commonwealth v. Sanchez,* 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc) aff'd 522 Pa. 153, 560 A.2d 148 (1989); *Commonwealth v. Burdge,* 386 Pa.Super. 194, 562 A.2d 864 (1989). Thus, as appellant has presented a colorable argument that a substantial question exists, we will exercise our discretion to hear the appeal.

■ In *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984), this court stated:

Where the trial court deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in

the defendants presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. The Act states that failure to provide an appropriate contemporaneous written statement shall be grounds for vacating the sentence and resentencing the defendant.

In the instant case, appellant was sentenced to a term of imprisonment of twenty-four months to five years. The sentencing guidelines provide that the mitigated range for this crime is nonconfinement, the standard range is between zero to twelve months imprisonment, and the aggravated range is twelve to eighteen months imprisonment. Therefore, it is clear that appellant was sentenced outside of the sentencing guidelines.

It is also equally apparent from the record, that the trial court failed to set forth in appellant's presence the permissible range of sentences from the guidelines. Moreover, while the sentencing court did provide reasons for the imposition of appellant's sentence, the court did not indicate that it was sentencing appellant outside of the guidelines.[6] Accordingly, we must vacate the judgment of sentence imposed for homicide by motor vehicle and we remand the case for resentencing on that conviction.

For the foregoing reasons, we affirm the judgment of sentence for driving under the influence; we vacate the judgment of sentence for homicide by motor vehicle and remand for resentencing on that conviction. Jurisdiction relinquished.

Affirmed in part, reversed and remanded. Jurisdiction relinquished.

---

6. The court also indicated on the Pennsylvania Commission on Sentencing Guideline Form that appellant was being sentenced within the standard guideline range.