639 A.2d 46

**COMMONWEALTH of Pennsylvania**

v.

**Robert CANFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1993.

Filed March 4, 1994.

Albert V.F. Nelthropp, Allentown, for appellant.

Robert L. Steinberg, Dist. Atty., Allentown, for Com., appellee.

Before ROWLEY, President Judge and McEWEN and KELLY, JJ.

ROWLEY, President Judge:

Robert Canfield has appealed from the judgment of sentence which was imposed upon him following his plea of *nolo contendere* to Criminal Conspiracy to Commit Involuntary Deviate Sexual Intercourse, a felony of the second degree. On appeal, he contends that the sentence was (1) "manifestly excessive" in violation of "the whole spirit and philosophy of the [Sentencing] Guidelines" because it failed to take into account his lack of a prior record and also in that it was greater than the sentence imposed upon his co-defendant; (2) that it was imposed without adequate consideration of his rehabilitative needs; and finally, (3) that the sentencing court failed to provide a contemporaneous statement setting forth its reasons for departing upward from the Guidelines in sentencing him to the maximum term of incarceration allowed by law. After careful consideration of the arguments presented to us on these issues and following a conscientious review of the record, we conclude that appellant's claims are meritless. Therefore, we affirm appellant's judgment of sentence.

The trial court accurately and succinctly set forth the factual underpinnings of this case, as follows:

" ... [A]ppellant and his female co-defendant [who was also his fiancee] were managers of a Denny's Restaurant at which [the victim] worked as a waitress. The three volun-

tarily ingested cocaine and alcohol together at appellant's apartment to the extent that the victim suffered what sounds like a black-out. When she again became aware of events, she was lying naked on the bed of appellant and the co-defendant in the bedroom of [appellant and his co-defendant in] their apartment. The co-defendant was lying beside the victim. The appellant was pinning the victim's hands above her head. Appellant attempted to insert his penis in[to] the victim's mouth several times but was unsuccessful. [Meanwhile,] the female co-defendant performed oral sex on the victim against [the victim's] will. All this drew resistance and screams from the victim which alerted neighbors[,] who [then] called the police. When the police arrived, the victim ran from the apartment half clothed and screaming hysterically."

(Trial Court Opinion, 6/13/93, p. 3). Both appellant and his co-defendant were then arrested.

Appellant was charged with two counts of rape, two counts of involuntary deviate sexual intercourse, two counts of aggravated indecent assault, and two counts of indecent assault. Thereafter, a plea bargain was reached in which the Commonwealth agreed to drop all *eight* of the above-mentioned charges if appellant would plead *nolo contendere* to Criminal Conspiracy to Commit Involuntary Deviate Sexual Intercourse.

The criminal information was then amended to reflect the conspiracy charge and in accordance with the plea agreement, appellant pled no contest. Before he entered his plea, however, the trial court advised appellant that he could potentially receive up to the maximum of ten years in jail *and* a $25,-000.00 fine. Appellant stated that he understood this, and further, he acknowledged his understanding that there was no agreement regarding the sentence the court would impose. Following preparation of a pre-sentence investigation report, appellant was sentenced to a term of imprisonment of not less

than five (5) nor more than ten (10) years.[1] This timely appeal followed.

Before addressing the merits of appellant's claims, we note that this appeal is only as to the discretionary aspects of sentencing. The legality of the sentence is not at issue. As noted recently by this Court in *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587 (1992) (*en banc*):

> "[i]n such a case, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P.; Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Zelinski*, 392 Pa.Super. 489, 573 A.2d 569 (1990), *alloc. denied*, 527 Pa. 646, 593 A.2d 419 (1990); *Commonwealth v. Stalnaker*, 376 Pa.Super. 181, 545 A.2d 886 (1988). 'Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.' 42 Pa.C.S.A. § 9781(b), referring to Chapter 97 (Sentencing). The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis; the court will be inclined to allow [the] appeal where the appellant advances a colorable argument that the trial judge's actions were inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Catanch*, 398 Pa.Super. 466, 581 A.2d 226 (1990)."

*Jones* 418 Pa.Super. at 99–100, 613 A.2d at 590.

▇ As to the first argument advanced in support of appellant's excessiveness claim, we rely upon *Jones, supra* in concluding that it fails to raise a substantial question pursuant to 42 Pa.C.S.A. § 9781(b). In *Jones*, an appellant's contention that his sentence was "manifestly excessive" due to the lack of a prior record was held not to raise a substantial question. *Id.* at 100, 613 A.2d at 590.

---

1. We note that the Commonwealth's brief erroneously states that "appellant was sentenced to serve no less than two and one-half nor more than five years in a state correctional facility."

■ As to the second portion of appellant's excessiveness claim, we find that a substantial question has been presented because a disparity between sentences imposed upon co-defendants does touch upon the fundamental norms which underlie the sentencing process. Having reviewed the issue, however, we conclude that it is without merit. In so concluding, we rely upon *Commonwealth v. Jorden*, 333 Pa.Super. 291, 482 A.2d 573 (1984). "The appellant's claim is that the sentence is excessive, *not* that the sentencing judge failed to state on the record the reason for the disparate sentences." *Id.* at 305 n. 7, 482 A.2d at 580 n. 7 (emphasis added). Thus, in the instant case, as in *Jorden*, "[t]he imposition of sentence is a matter vested in the sound discretion of the sentencing judge. [citations omitted]. We find no abuse of discretion," *Id.* at 305, 482 A.2d at 580.

■ Moving on to appellant's second issue, we refer to *Commonwealth v. Smith*, 394 Pa.Super. 164, 575 A.2d 150 (1990) in deciding that it, too, fails to raise a substantial question. In *Smith*, this Court decided that an argument concerning the weight that a sentencing court gives to legitimate sentencing factors (such as a defendant's rehabilitative needs) does not raise a § 9781(b) substantial question.

■ Appellant's third claim, however, does raise a substantial question in that it advances at least a colorable argument that the trial judge's actions were inconsistent with a specific provision of the sentencing code. In support of our conclusion in this regard, we again rely upon *Jones, supra* and *Commonwealth v. Thomas*, 370 Pa.Super. 544, 550–551, 537 A.2d 9, 12 (1988). In both cases, this Court found a substantial question existed as to the appropriateness of the sentence imposed because, in fashioning it, the sentencing court failed to provide sufficient reasons of record for deviating upward from the guidelines.

■ The pertinent provision of the Sentencing Code, 42 Pa.C.S.A. § 9721(b), states as follows:

"**General Standards.**—In selecting from the alternatives [of probation, partial or total confinement, and/or a fine] the

court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court should also consider [the guidelines promulgated by the] Pennsylvania Commission on Sentencing ... In every case in which the court imposes a sentence for a felony or misdemeanor the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. *In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ..., the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.* Failure to comply shall be grounds for vacating the sentence and resentencing the defendant."

42 Pa.C.S.A. § 9721(b). (emphasis added).

In *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984), this Court observed that if:

"... the sentence imposed [is] outside the guidelines provided by the Pennsylvania Commission on Sentencing, *two* issues are raised: (1) was the statement of the court made [and recorded] at sentencing in [appellant's] presence ... a 'contemporaneous written statement'; and if so then, (2) is the statement *sufficient* to meet the requirements of the act."

*Id.* at 68, 476 A.2d at 457. (emphasis added).

■ We decide that, in the instant case, as in *Royer, supra,* the sentencing court's statement made on the record and in appellant's presence is a "contemporaneous written statement" within the meaning of § 9721(b). *Id.* at 69, 476 A.2d at 457. *See also: Commonwealth v. Clever,* 395 Pa.Super. 192, 195–196, 576 A.2d 1108, 1109 (1990). Thus, we reach the second step of the analysis, in which we are required to determine

whether the sentencing court's statement of reasons is statutorily sufficient.

In addressing this sentencing issue, we observe that:

"... the sentencing function is a matter vested in the sound discretion of the trial court whose judgment will not be disturbed by an appellate court in the absence of an abuse of discretion. [citations omitted]. *When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.* [citation omitted]."

*Jones, supra* 418 Pa.Super. at 101–102, 613 A.2d at 591. (emphasis added). Furthermore:

"[a]n abuse of discretion is *not* merely an error of judgment, but if in reaching a conclusion [or imposing sentence] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record, discretion is abused."

*Commonwealth v. Kocher*, 529 Pa. 303, 305, 602 A.2d 1308, 1310 (1992). (emphasis added).

In the instant case, after careful consideration of all relevant facts and legal authorities, we conclude that the trial court did not abuse its discretion in sentencing appellant. The trial court detailed its reasons for deviating upward from the guidelines on the record, and although it did not recite the specific range of permissible sentences under the guidelines, we decide that its statement of reasons was statutorily sufficient pursuant to § 9721(b).

The statute requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular

offense as it relates to the impact on the life of the victim and the community, *so long as he also states of record "the factual basis and specific reasons which compelled [him] to deviate from the guideline range."* *Royer, supra* at 70–71, 476 A.2d at 458. *See also: Commonwealth v. Breter,* 425 Pa.Super. 248, 624 A.2d 661, 663 (1993); *Commonwealth v. Moyer,* 421 Pa.Super. 102, 108–109, 617 A.2d 744, 747 (1992); *Commonwealth v. Kephart,* 406 Pa.Super. 321, 328–329, 594 A.2d 358, 361 (1991); *Commonwealth v. Clever,* 395 Pa.Super. 192, 196, 576 A.2d 1108, 1110 (1990); *Commonwealth v. Rich,* 392 Pa.Super. 380, 384, 572 A.2d 1283, 1285 (1990); and *Commonwealth v. Sanchez,* 372 Pa.Super. 369, 377, 539 A.2d 840, 842 (1988) *(en banc ), aff'd,* 522 Pa. 153, 560 A.2d 148 (1989).

We recognize that in the above-cited cases, our Court has opined that, prior to deviating from the guidelines, a sentencing judge must specifically articulate the permissible range of sentences under the guidelines on the record. However, we do not believe that the holdings of those cases control the disposition of this case. In those cases, unlike the instant one, affirmative evidence was presented on appeal to show that the sentencing court was either mistaken or unaware of the correct range of permissible sentences such that this Court was unable, in reviewing the judgment of sentence, to determine if "the correct starting point in the guidelines [was considered] before sentencing outside them." *Kephart, supra* 406 Pa.Super. at 328–329, 594 A.2d at 362.

In this case, there is no evidence that the trial court was incognizant of the guidelines; rather, the sentencing transcript strongly suggests that the trial court was acutely aware of the standard range (4–12 months), the mitigated range (2–4 months) and the aggravated range (12–18 months) applicable to an individual, with no prior record, for the crime of conspiracy to commit involuntary deviate sexual intercourse. The instant trial judge made it quite plain, however, that he found said guidelines, including the aggravated range, far too lenient to adequately address appellant's crime in light of the terribly unusual and shocking facts of the subject incident. In the exercise of its discretion, the trial court clearly communicated

its intention to sentence appellant to the maximum penalty permitted by law. Indeed, prior to his plea, appellant was advised that such a sentence was distinctly possible.

At the sentencing hearing, prior to the imposition of appellant's sentence, the trial court stated at length:

"Next, I'd like to make mention again, as for the reasons for the sentence. I've taken into account the fact that [appellant] has no prior criminal record. [Appellant] will recall that at the time the plea was entered, I asked him that question and it's accurate that he has no criminal record. I will also take into account that he has served his country honorably and that speaks well of [appellant] and [also] we take [defense counsel] at his word as to his relationship with [appellant] pertaining to the fashion in which he has dealt with [counsel]. Those factors and all of the other favorable factors mentioned in the presentence report are taken into account by the court. And quite frankly, those were major considerations in the court's acceptance of the subject [no contest] plea. If [appellant] had not led the responsible life that he led up to the time of these incidents, there very well may have been a rejection of this plea by the court. So, we took them into account in that regard. We're also taking those favorable things into account in imposing the sentence that we're about to impose. There's a converse side to this. And the converse side is as follows.

We feel that the criminal conduct of [appellant], and we recognize that its a nolo contendere plea to criminal conspiracy to commit involuntary deviate sexual intercourse, that it caused or threatened harm to the victim in this case.... We feel that [appellant] is in need of correctional rehabilitation that can best occur by means of commitment to an institution. We feel that a lesser sentence would depreciate the seriousness of this crime and confinement is more likely to contribute to the rehabilitation of [appellant] than probation. We hear what [appellant] is saying pertaining to the ingestion of drugs, but at some point, especially when you're forty-six years old, you've got to understand that you're

responsible for conduct that occurs while you're under the influence of drugs.

*We note that the sentencing guidelines, of course, provide a recommended standard range, aggravated range, and mitigated range.* They are guidelines only. They are not binding upon the court and we feel that these guidelines do not accurately provide the court with the proper guidance in this particular case[,] [i]n that *these guidelines for this particular offense cannot adequately address what occurred at the time that this crime was committed.* [Appellant,] in committing the criminal act that he did, in concert with his codefendant under his plea, violated this particular victim in a most degrading way and we remember the things that the defense has alleged about the victim. Even if all of those are true, and the court is making no finding in that regard, even if all those are true, in no fashion do they mitigate or are they an excuse for the conduct of [appellant] in violating this victim in the fashion that she was violated.

The protection of the community requires the sentence that the court is about to impose and for all of those reasons, we depart from the guidelines, including the aggravated range …"

(Sentencing Transcript, 11/30/92, p. 29–31). (emphasis added).

We do not believe that the trial court could have been more clear as to its *reasons* for deviating upward from the guidelines. Thus, although the trial court did fail to note the specific range of sentences recommended by the guidelines, we feel that the statutory requirements of § 9721(b) have been met in the subject case. Therefore, while we are urged by appellant to vacate the subject sentence and remand for resentencing merely because the trial judge failed to utter the "magic words" exactly as stated in the guidelines, we will not do so as such a disposition would be to exalt form over substance. We affirm the judgment of sentence. In so doing, however, we strenuously caution the trial court that, in the future, prior to sentencing a defendant outside the guidelines, it would do well to specifically articulate the guideline range of

sentences *and* its precise reasons for deviating therefrom on the record.

Judgment of sentence affirmed.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring:

I wholeheartedly join the majority. I write only to add the following thoughts regarding the appellant's allegation that his sentence was manifestly unjust because of the gross disparity between his sentence and that of his codefendant.

Pennsylvania law is well settled that the imposition of sentence is a matter vested in the sound discretion of the sentencing judge, and the trial court is not bound to impose an identical sentence on all participants of a crime. *Commonwealth v. Myers,* 370 Pa.Super. 326, 330, 536 A.2d 428, 430 (1988) (citing *Commonwealth v. Sinwell,* 311 Pa.Super. 419, 427, 457 A.2d 957, 960 (1983)). However, when imposing different sentences on codefendants, the court must articulate the differences between the codefendants which justify the disparate sentences and should articulate, on the record, its reasons for imposing a more severe sentence on one codefendant than on another codefendant. *Commonwealth v. Besch,* 418 Pa.Super. 576, 585, 614 A.2d 1155, 1160 (1992); *Commonwealth v. Szczesniewski,* 404 Pa.Super. 617, 620, 591 A.2d 1055, 1056 (1991), *allocatur denied,* 530 Pa. 654, 608 A.2d 29 (1992); *Commonwealth v. Losch,* 369 Pa.Super. 192, 211, 535 A.2d 115, 124 (1987); *Commonwealth v. Sinwell, supra.* We note also that even in those instances where codefendants are sentenced by different judges, there should not be gross disparity in the sentences imposed on codefendants, unless factors exist to warrant the unequal sentences. *Commonwealth v. Szczesniewski, supra* (quoting *Commonwealth v. Holler,* 326 Pa.Super. 304, 310, 473 A.2d 1103, 1107 (1984)); *Commonwealth v. Myers, supra. See generally Commonwealth v. Fuller,* 396 Pa.Super. 605, 579 A.2d 879 (1990), *allocatur denied,* 527 Pa. 585, 588 A.2d 508 (1991).

In the instant case, the appellant entered a plea of nolo contendere to the crime of criminal conspiracy to commit

involuntary deviate sexual intercourse, a felony of the second degree, on October 19, 1992, before Judge William E. Ford. He was then sentenced by Judge Ford, on November 30, 1992, to a term of imprisonment of not less than five years nor more than ten years. In contrast, the appellant's codefendant, Patricia Alama, entered a plea of nolo contendere four and one-half months later, on March 1, 1993, to the crime of criminal conspiracy to commit indecent assault, a misdemeanor of the second degree.[1] She was sentenced by Judge Ford to a term of imprisonment of not less than six months nor more than one day less than twenty-four months. Because the appellant and his codefendant entered pleas of nolo contendere to different crimes of vastly different seriousness, factors which would warrant unequal sentences, the sentencing court was not required to recite on the record the reasons for the disparity in their sentences.

---

1. We take judicial notice of the information contained in the docket of Case Number 3707/1991, *Commonwealth v. Alama,* Court of Common Pleas of Lehigh County, Criminal Division, concerning the original charges, the subsequent pleas, and the eventual sentence. "A court may properly take judicial notice of uncontested notations in the court record." *Commonwealth v. Byrd,* 325 Pa.Super. 325, 332, 472 A.2d 1141, 1145 (1984). Further, the court may take judicial notice of a record which bears the seal of any court in the state. *Commonwealth v. Socci,* 177 Pa.Super. 426, 110 A.2d 862 (1955).