666 A.2d 690

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. JOHNSON, Appellant.**

*Superior Court of Pennsylvania.*

Submitted Aug. 14, 1995.

Filed Oct. 16, 1995.

Joseph P. Burt, Public Defender, Erie, for appellant.

William A. Dopierala, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and OLSZEWSKI, JJ.

CAVANAUGH, Judge:

Robert L. Johnson appeals from an aggregate judgment of sentence of 6 to 12 years imposed following his convictions for reckless endangerment, homicide by vehicle and leaving the scene of an accident involving death or serious bodily injury. The sentencing judge denied appellant's motion to modify the sentence. After careful review of the record, we affirm in part and vacate in part and remand for resentencing.

On March 5, 1994 at 2:00 a.m. Leah Morris drove appellant and Albert McDonald, a.k.a. James Cooley, to Thompson St. in Erie County to purchase marijuana. When they reached Thompson Street, a crowd was gathered on the street. An individual kicked their car, inciting Johnson and Cooley to jump out of the car and fight with members of the crowd.

Following the altercation, Johnson jumped into the driver's seat of the car, and Morris moved into the passenger seat. They picked up Cooley and accelerated down Thompson Street. After driving a short distance, Johnson turned the car around and accelerated back up Thompson Street toward the crowd. As they approached the crowd, somebody threw a snowball at the car. There is conflicting testimony as to whether anyone threw other objects or menaced the car; in fact, Johnson testified that he believed somebody pointed a gun at the car.

Johnson swerved the car over the curb, onto the sidewalk, and into the crowd. The car struck Dara Curlett and Lamont

Stovall, who were standing on the sidewalk. Johnson drove off and left the scene. Dara Curlett died as a result of this accident, and Lamont Stovall was seriously injured.

After a jury trial, appellant was convicted and sentenced on the following counts; all terms to be served consecutively:

1. On count two, recklessly endangering Lamont Stovall, one to two years incarceration;

2. On count four, homicide by motor vehicle, two and one-half to five years incarceration; and

3. On count six, leaving the scene of an accident involving death or personal injury, two and one-half to five years incarceration.

The sentence is outside the guidelines on counts two and six.

Appellant presents two issues for review: 1) whether the sentencing judge imposed a sentence which is manifestly excessive and clearly unreasonable and 2) whether a mistrial was required to remedy the prejudicial reference during trial to his previous jail term.

In the first issue, appellant challenges the discretionary aspects of the sentence. Preliminarily, we note that appellant has complied with the procedural requirements of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) and the Pennsylvania Rules of Appellate Procedure, 42 Pa.Cons.Stat. Ann. § 2119(f), by including a section in his brief containing a statement of reasons for review.

Additionally, we must determine whether appellant states a substantial question meriting review. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). In essence, appellant presents four arguments in the statement of reasons to challenge the discretionary aspects of his sentence: 1) the court failed to consider mitigating factors and the rehabilitative needs of appellant; 2) the sentence is excessive because the court imposed consecutive terms; 3) the court sentenced outside the guidelines without reflecting a consideration of the guidelines; and 4) the court failed to state adequate reasons on the record for sentencing outside the guidelines.

■ Appellant's first two arguments, which challenge the weight accorded sentencing factors and the excessiveness of the sentence, fail to present a substantial question. "A challenge to the weight accorded sentencing factors does not raise a substantial question absent extraordinary circumstances." *Commonwealth v. Breter*, 425 Pa.Super. 248, 251, 624 A.2d 661, 662 (1993). We find no extraordinary circumstances. In addition, this Court has held that a challenge to the excessiveness of a sentence fails to state a substantial question where the sentence is within the statutory limits. *Id.; Commonwealth v. Martin*, 416 Pa.Super. 507, 611 A.2d 731 (1992). As this sentence is within the statutory limits, we find no substantial question.

■ Appellant, however, states a substantial question in the third and fourth arguments. Appellant asserts that the sentencing judge sentenced outside the guidelines without reflecting a consideration of the guidelines, and that the sentencing judge failed to state adequate reasons on the record for sentencing outside the guidelines. These issues advance a "colorable argument that the trial judge's actions were inconsistent with a specific provision of the sentencing code." *Commonwealth v. Canfield*, 432 Pa.Super. 496, 639 A.2d 46 (1994). Therefore, we will review the merits of these arguments.

■ "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Dotter*, 403 Pa.Super. 507, 516, 589 A.2d 726 (1991). As the sentencing guidelines are merely advisory, "[i]f the court finds it appropriate to sentence outside the guidelines, of course it may do so as long as it places its reasons for the deviation on the record." *Commonwealth v. Dutter*, 420 Pa.Super. 565, 570, 617 A.2d 330, 333 (1992) (citing *Commonwealth v. Cornish*, 403 Pa.Super. 492, 497, 589 A.2d 718, 721 (1991)). *See also Commonwealth v. Canfield*, 432 Pa.Super. 496, 639 A.2d 46 (1994); *Commonwealth v. Clever*, 395 Pa.Super. 192, 576 A.2d 1108 (1990).

In sentencing outside the guidelines, the sentencing judge must follow the mandate of § 9721(b) of the Sentencing Code, 42 Pa.Cons.Stat.Ann. § 9701 et seq., which provides in pertinent part:

In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.Cons.Stat.Ann. § 9721(b). In *Commonwealth v. Canfield*, 432 Pa.Super. 496, 639 A.2d 46 (1994), this Court clarified the requirements of the statute:

The statute requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record "the factual basis and specific reasons which compelled [him] to deviate from the guideline range."

*Id.* (quoting *Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984)). In *Commonwealth v. Chesson*, 353 Pa.Super. 255, 258, 509 A.2d 875, 877 (1986), this Court further explained the rationale for requiring a statement of reasons for sentencing outside the guidelines:

The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first

apparent that the court was aware of, and considered the guidelines.

*Id.*

We first consider whether the sentencing judge set forth an adequate contemporaneous statement of reasons for deviating from the guidelines. 42 Pa.Cons.Stat.Ann. § 9721(b). The sentencing judge initially stated that the sentences were all within the standard ranges, although he sentenced outside the guidelines on two counts. He corrected this statement by noting that he intended to sentence outside the guidelines on count six, leaving the scene of the accident; yet failed to correct this statement as to count two, reckless endangerment of Lamont Stovall.[1]

As to count two, the sentencing judge did not start at the proper point by demonstrating an awareness of the guidelines. While he deviated from the guidelines, the record reflects that he intended to sentence within the standard range. With this mistake on the record, we have no indication that the sentencing judge was aware of the range of the available sentences within the guidelines when he sentenced appellant. We cannot analyze whether the reasons for deviating from the guidelines are adequate where the sentencing judge does not demonstrate on record an awareness of the applicable guideline ranges. *Commonwealth v. Chesson*, 353 Pa.Super. 255, 258, 509 A.2d 875, 877 (1986). Therefore, we must vacate the sentence and remand for resentencing on this count.[2]

Finally, the sentencing judge did meet the requirements of section 9721(b) as to count six, leaving the scene of the accident. He started at the proper point by stating on the

1. The sentencing judge clarified his intent to sentence outside the guidelines on both counts in his order denying the motion to modify the sentence. This statement, however, was not given at the sentencing hearing in Johnson's presence; therefore, it is not a "contemporaneous statement" under section 9721(b).

2. Were we free to do so, we would have no hesitation in finding the reasons stated elsewhere by the court to be a sufficient basis for the deviation from the guidelines.

record that he intended to sentence outside the guidelines on this count. *See Commonwealth v. Canfield,* 432 Pa.Super. 496, 639 A.2d 46 (1994). The sentencing judge also provided adequate reasons on the record for sentencing outside the guidelines on this count. He stated:

First of all, that you have a long history of criminal involvement including seven previous convictions, plus summary offenses, including a felony escape charge from a state prison in Michigan, including, of course, the prior violent criminal offense that I identified [referring to assault with deadly weapon].

That on this particular occasion, on the night Dara Curlett was killed, that your conduct was extremely dangerous and without any regard for the safety of other people. That you have been previously incarcerated for a long period of time, that you have been on both probation and parole, and that none of those things have had any positive effect whatsoever.

That during the time you have been in Erie County Prison, your record of adjustment has been awful. And that there is an overwhelming need in this case to protect the public, and I find that there is no prospect of rehabilitation, given the limitations of what society currently has to offer. And that in general, your conduct on this night constituted a senseless act in response to circumstances that certainty did not require it, the behavior that you engaged in, and we have a death for which everybody is very sad.

The judge also specifically noted the reasons for sentencing outside the guidelines on count six:

... [t]he record as I've indicated, should reflect that I think his conduct in that regard was particularly despicable. The reason being that at that time, he had driven his car into a crowd. It was obvious that he had struck people. It was obvious that they were likely to be seriously injured, and it was equally obvious that Mr. Johnson's concern was for himself and to flee the area when, in fact, there was a need at that time to respond to the needs of the victims.

In addition to that, I believe his long history of criminal involvement makes it clear that his conduct on that night was probably predictable and is further evidence of being extraordinarily criminal.

These reasons are adequate, as the court reflected a consideration of the guidelines, the appellant's prior criminal record, personal characteristics and potential for rehabilitation. Therefore, the court did not abuse its discretion in sentencing appellant for leaving the scene of the accident.

■ In the second issue, appellant claims that a reference to his prior jail time prejudiced him and requires a mistrial. This court recently summarized the relevant law in *Com. v. Sattazahn*, 428 Pa.Super. 413, 434, 631 A.2d 597, 608 (1993):

Clear references to prior unrelated criminal conduct by a defendant generally warrant the granting of a defense motion for mistrial, because the commission of one crime is not proof of the commission of another and because the effect of such evidence is to create unfair prejudice against the defendant. However, not all references which may indicate prior criminal activity warrant reversal. Mere "passing references" to prior criminal activity will not necessarily require reversal unless the record illustrates definitively that prejudice resulted from the reference. The nature of and whether the remark was intentionally elicited by the Commonwealth are additional factors to determining whether a mistrial is necessary. Moreover, an immediate curative instruction to the jury may alleviate [the] harm [which would otherwise result] from reference to prior criminal activity.

*Id.* (citations omitted).

Here, the following reference occurred on direct examination by the Commonwealth of James Cooley.

Q. So what happened?

A. Well, Robert gets out again and they start arguing. And I told him—I says, 'Look, I can take him. Let me take him.' He just got out of jail. And he said, 'No, I'm going to show you what a real gangster's like.'

After denying a motion for a mistrial, the trial court immediately gave a curative instruction to the jury.

The reference was a passing remark and it was not intentionally elicited by the Commonwealth. The trial court's immediate curative instruction alleviated any prejudicial impact. *See Commonwealth v. Zook*, 532 Pa. 79, 615 A.2d 1 (1992). The inadvertent reference to appellant's prior jail time was not so prejudicial as to require a mistrial. Therefore, we affirm the judgment of sentence.

For the foregoing reasons, we vacate the judgment of sentence for reckless endangerment of Lamont Stovall and remand for resentencing; we affirm the judgment of sentence for homicide by motor vehicle, and for leaving the scene of an accident involving death or serious bodily injury.

Affirmed in part, vacated in part and remanded. Jurisdiction relinquished.