J-A09006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :             PENNSYLVANIA
                                :
            v.                      :
                                :
                                :
BRIAN GEORGE HEFFNER         :
                                :
           Appellant           :    No. 262 MDA 2022

Appeal from the Judgment of Sentence Entered October 1, 2021
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000716-2018

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.:       **FILED: JULY 28, 2023**

Brian George Heffner appeals from the judgment of sentence entered in the Northumberland County Court of Common Pleas on October 1, 2021. On appeal, Heffner raises multiple challenges to the discretionary aspects of his sentence. After careful review, we affirm.

As Heffner raises no challenge to his convictions, the following factual summary is undisputed for purposes of this appeal. This case arises from the death of Sean Maschal in the evening of September 12, 2017. Heffner, Maschal, David Brown, and Robert Villari drove around a mountainous and wooded area in Coal Township, stopping a few times, during which they all got high on bath salts. Villari possessed a gun he had stolen the day before and they had made a plan to sell it later that day for drugs.

Heffner, who at that point was seated in the rear passenger seat behind Maschal, discharged the gun, killing Maschal. Heffner exited the vehicle and opened the front passenger door where Maschal's body fell to the ground. The three remaining individuals then left Maschal's body in the woods and drove away. No one called the police.

Brown and Villari testified that Heffner told them not to call the police. Heffner testified that he did not know if he shot Maschal because he does not remember holding the gun or discharging it. He further testified that he tried to call the police but he was unable to unlock Maschal's phone and no one else had a usable phone.

The three individuals drove back to a house Brown was staying at, and cleaned blood from their clothes and bodies. They then drove to trade the gun for bath salts. On the way, they cleaned blood from the vehicle at a gas station and dumped some clothing they had used to clean the car into trash cans. After trading the gun for more bath salts, the group got high again.

Several days later, police arrested Heffner and charged him with multiple crimes arising from Maschal's death. On August 20, 2021, a jury found Heffner guilty of involuntary manslaughter, possession of a firearm, possession of a firearm without a license, conspiracy to receive stolen property, receiving stolen property, aiding consummation of a crime, recklessly endangering another person, abuse of corpse, and tampering with physical evidence.

On October 1, 2021, the trial court imposed consecutive sentences for each count at the maximum standard range sentence, for an aggregate term of nineteen and one-half to fifty years' incarceration. The court denied Heffner's post sentence motions. This timely appeal followed.

On appeal, Heffner raises four separate challenges to the sentence imposed:

> 1. Did the [trial c]ourt err in sentencing [Heffner] on incorrect factual assertions?
>
> 2. Did the [trial c]ourt sentence [Heffner] excessively and without adequate consideration of specific mitigating factors sufficient to individualize [Heffner]'s sentence?
>
> 3. Does the disparity in sentencing between Co-Defendant David Brown and [Heffner] violate a fundamental norm of sentencing?
>
> 4. Did the [trial c]ourt hear improper victim witness testimony from the victim's brother, sister, and mother of his child at sentencing and did the [trial c]ourt then violate sentencing norms in sentencing [Heffner] in accord with the victim's request for specific sentences?

Appellant's Brief, at 8.

Heffner concedes that his issues challenge the discretionary aspects of his sentence. **See** Appellant's Brief at 16. We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Heffner must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Heffner preserved his issues through a timely post-sentence motion to modify his sentence, and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Heffner has raised a substantial question.

We must examine Heffner's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal,

- 4 -

which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Heffner "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

In his 2119(f) statement, Heffner contends the trial court erred by relying on incorrect factual assertions when sentencing and imposed an excessive sentence without adequate consideration of mitigating factors. Further, Heffner argues the disparity between his sentence and the sentence imposed on his co-defendant Brown violates a fundamental norm of sentencing. Finally, Heffner contends the trial court heard improper victim witness testimony and violated sentencing norms by sentencing in accord with the victim witnesses' request for specific sentences. As these claims each present a substantial question, we will review them on the merits. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (stating appellant's claim that trial court relied on incorrect factual assertions in

imposing sentence asserts substantial question); *see also Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (substantial question raised where defendant challenged consecutive sentences as excessive and claimed court failed to consider rehabilitative needs and mitigating factors); *see also Commonwealth v. Canfield*, 639 A.2d 46, 49 (Pa. Super. 1994) (overruled on other grounds) (holding disparity between sentences imposed upon co-defendants touches upon the fundamental norms which underlie the sentencing process and, therefore, raises a substantial question); *see also Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018) (finding claim that trial court considered improper factors in sentencing raises a substantial question).

In his first issue on appeal, Heffner contends the trial court erred in sentencing him based on incorrect factual assertions. Relevantly, in explaining its reasoning for the sentence on the record, the trial court stated "You patted him down, you took his wallet. … You left your best friend's body, [whom] you had shot, to rot in the woods after stealing his wallet, and then you went about the rest of your day." N.T., Sentencing Hearing, 10/1/21, at 21-22. Further, the trial court stated Heffner still had his wits about him after the shooting. *See id*. at 21. Heffner argues it was error for the trial court to consider these facts in imposing sentence, as the jury acquitted him of theft of the victim's wallet at trial, and testimony was presented at trial that Heffner was "nodded out" prior to the shooting. *See* N.T., Trial - Volume 1, 8/17/21, at 223.

Heffner takes issue with the trial court's reliance on **United States v. Watts**, 519 U.S. 148 (1997), in which the Supreme Court of the United States held that an acquittal does not prevent a sentencing judge from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence. **Id.** at 156.

Heffner argues that **Watts** is distinguishable from this appeal. He contends that **Watts** directly relied upon the explicit language of the Federal Sentencing Guidelines, which require a finding of probable cause to include evidence for sentencing purposes. **See id.** at 152-53.

However, even accepting this distinction, we conclude the underlying logic of **Watts** applies with equal force in this case. The Supreme Court in **Watts** opined that a jury "cannot be said to have necessarily rejected any facts when it returns a general verdict of not guilty." **Id.** at 155 (internal quotation marks omitted). As a result, an acquittal does not preclude a prosecutor from relitigating the defendant's culpability for a charge at sentencing. **See id.** At 156.

Furthermore, although Heffner is innocent in the eyes of the law of stealing Maschal's wallet, he was found guilty of involuntary manslaughter. The sentencing court was therefore entitled to determine whether he stole Maschal's wallet while committing the crime of involuntary manslaughter. **See Commonwealth v. Stokes**, 38 A.3d 846, 862 (Pa. Super. 2011) ("an acquittal does not prevent a sentencing judge from considering conduct

underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." (citation and internal quotation marks omitted)).

Further, since Heffner was not sentenced above the statutory maximum for each count, neither his due process rights nor his right to a jury trial have been infringed under existing precedent. **See Stokes**, 38 A.3d at 862. "Moreover, **Watts** can be reconciled with [**Apprendi v. New Jersey**, 530 U.S. 466 (2000) and its progeny] where the facts determined by the court do not increase the defendant's sentence beyond the statutory maximum as defined in **Blakely** [**v. Washington**, 542 U.S. 296, 303-04 (2004)]." **Id.**, 38 A.3d at 863, n.12.[1]

Here, Heffner was aware of the possible sentencing ramifications if found guilty. Heffner is not being punished more harshly for a crime he did not commit. Rather, Heffner's sentence was within a range of sentences already provided for by law based on facts determined by the jury. Since Heffner's sentence, without any finding that he stole from the victim or was cognizant at the time of the shooting, could have been the statutory limit, his

---

[1] In **Apprendi**, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490. The Supreme Court later clarified that "the statutory maximum for **Apprendi** purposes is the maximum sentence a judge may impose solely on the bases of the facts reflected in the jury verdict or admitted by the defendant." **Blakely**, 542 U.S. at 303-304.

sentence was one that the court could have imposed solely based on the facts reflected by the jury's verdict.

In sum, since the sentencing court's findings did not mandate an increase in his sentences beyond that which the court could have handed down solely based on the jury verdict, the court did not err in referencing unproven facts during sentencing. Accordingly, Heffner's first issue is without merit.

In his second issue, Heffner contends the trial court imposed an excessive and unreasonable sentence without consideration of his rehabilitative needs and mitigating factors. This issue is without merit.

The trial court stated that it considered the following in fashioning Heffner's sentence: a PSI, victim impact statements, and Heffner's statements. *See* N.T., Sentencing Hearing, 10/1/21, at 21-22.

Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in

possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992).

The reasons the trial court offered for the sentence imposed, in conjunction with the court's review of the PSI, were more than sufficient to conclude that the court properly considered all relevant factors in fashioning Heffner's sentence. Accordingly, Heffner's claim that the trial court failed to consider the appropriate factors in imposing his sentence lacks merit.

In his third issue, Heffner asserts the disparity between his sentence and that of his co-defendant, Brown, was contrary to the fundamental norms of the sentencing process.

This Court has previously determined:

> A sentencing court is not required to impose the same sentence on all participants in a crime. Moreover, when a defendant's accomplice is tried, or pleads guilty, in a separate proceeding, and is sentenced by a different judge, the sentencing court is not required to explain a disparity between the defendant's sentence and that of the accomplice.

***Myers***, 536 A.2d at 430 (citations omitted).

Here, co-defendant Brown pleaded guilty, and was sentenced to thirty-eight months to fifteen years' imprisonment. Heffner did not plead guilty, instead choosing to go to trial, and was sentenced to nineteen and one-half to fifty years' imprisonment.

Further, while there is a distinct disparity between the sentences, a review of the sentencing transcript reveals the court articulated factors that

were sufficient to support Heffner's sentence. *See* N.T., Sentencing Hearing, 10/1/21, at 21-22. In addition, the sentencing court had the benefit of a PSI report. In light of all of these factors, the court sentenced Heffner to the maximum standard range sentence on each count. On this record, we cannot conclude that the sentence imposed constituted an abuse of discretion.

In his final issue raised on appeal, Heffner contends it was improper for the trial court to hear victim witness testimony regarding what sentence the court should impose. He further claims the trial court violated sentencing norms by sentencing Heffner in accord with the victim witness' sentence request.

While Heffner takes issue with the court hearing the victim witness testimony, our review of the record reveals that Heffner did not object to any portion of the victim witness testimony at any point of the sentencing hearing. Accordingly, Heffner has waived this issue. *See* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

As none of Heffner's issues merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023