J-S51004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PATRICIA SUE DAVENPORT | |
| Appellant | No. 280 EDA 2016 |

Appeal from the Judgment of Sentence December 17, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008280-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 24, 2016**

Appellant, Patricia Sue Davenport, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following her open guilty plea to one (1) count each of possession with intent to deliver a controlled substance ("PWID") and criminal conspiracy, and two (2) counts of endangering welfare of children ("EWOC").[1]  We affirm.

The trial court's opinion fully set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903, 4304, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

THE SENTENCES IMPOSED WERE MANIFESTLY HARSH AND EXCESSIVE AND NOT IN CONFORMITY WITH THE SENTENCING GUIDELINES. MOREOVER, IN NOT CONSIDERING THE POSITIVE REHABILITATIVE ATTRIBUTES OF [APPELLANT] FROM THE PSI AND PPI AND RELYING SOLELY ON THE CONDUCT OF APPELLANT AND THE BELIEF THAT THE LEGISLATURE DID NOT CONTEMPLATE THE SERIOUSNESS OF THIS CONDUCT WHEN FASHIONING THE GUIDELINES, IN THIS PARTICULAR CASE, THE TRIAL COURT PUT TOO MUCH EMPHASIS ON PUNISHMENT.

(Appellant's Brief at 7).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William R. Carpenter, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed February 23, 2016, at 5-17) (finding: Appellant raises substantial question with claim that court departed from guidelines for PWID sentence without placing sufficient reasons on record; nevertheless, court explained upward departure from guidelines was justified by depraved nature of crime, exceptional harm to victim, and Appellant's lack of remorse and attempt to blame victim; Appellant violated duty of care toward her daughter and her daughter's instinctive trust for Appellant; Appellant's daughter is now recovering drug addict; youth enhancement considers only age of victim and not parent-child relationship; Appellant had heightened duty to her own child as opposed to unrelated child; court's review of presentence investigation report raised presumption

that court considered mitigating factors; upward departure from guidelines was appropriate for PWID sentence; Appellant's challenge to standard-range EWOC sentence fails to raise substantial question; moreover, court relies on previously stated reasons for sentence imposed; Appellant raises substantial question with claim that court improperly imposed state sentence, rather than county sentence, for conspiracy conviction; court imposed maximum term of ten years' incarceration for conspiracy; therefore, court had authority to commit Appellant to state correctional facility pursuant to 42 Pa.C.S.A. § 9762(b); further, state sentence was appropriate in light of all relevant sentencing factors; additionally, court did not abuse its discretion by applying credit for time served to conspiracy conviction instead of PWID conviction). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

- 3 -

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

2016 FEB 23 PM 1: 36

COMMONWEALTH OF PENNSYLVANIA : CP-46-CR-00008280-2014

V. :

PATRICIA DAVENPORT : **280 EDA 2016**

**OPINION**

**CARPENTER   J.** **FEBRUARY 23, 2016**

FACTUAL AND PROCEDURAL HISTORY

Appellant, Patricia Davenport ("Davenport"), appeals from the judgment of sentence imposed on December 17, 2015, following  an open guilty plea to two counts of endangering the welfare of a child, possession with intent to deliver heroin and conspiracy to possess with the intent to deliver heroin. On appeal, Davenport challenges multiple discretionary aspects of sentencing. In addition, Davenport attempts to challenge the weight and sufficiency of the evidence in this guilty plea context.

The facts as set forth in the criminal complaint, to which Davenport agreed to,[1] established that on August 28, 2014, the Lower Salford Township Police Department and the Montgomery County Detective Bureau were informed of a report received at the Souderton Area High School that a 15-year-old female student, Davenport's daughter, was using drugs that were

---

[1]     Davenport agreed that her guilty plea was "based on the factual accusations placed in writing by police and sworn to before a District Justice who issued an arrest warrant for [the] charges." See, Written Guilty Plea Colloquy, p. 6, question 35.

supplied by Davenport. See, Criminal Complaint dated 10/7/14 p. 5. This information was reported to the school by an anonymous student. Id. A few days later on September 3, 2014, another source that identified herself only as "Megan", contacted a school guidance counselor at the Souderton Area High School and advised that she had witnessed drug use by Davenport and her daughter. That same day, Davenport's daughter was examined by the school nurse who reported possible needle marks on the inner front surfaces of both forearms. Id.

On September 15, 2014, the Mission Kids Child Advocacy Center conducted an interview with Davenport's daughter, wherein she disclosed that her mother met a woman named Megan Rudolph ("Rudolph") around April of 2014. Id. Davenport and Rudolph became friends and did drugs together, often snorting lines of heroin together, at Davenport's apartment. Id. On one of these occasions Davenport offered her daughter heroin, which she snorted while Davenport and Rudolph were present.

The drug use escalated during the summer of 2014, resulting in nearly daily trips to 7th and Russell Street in Philadelphia to buy drugs. Davenport's daughter would accompany Davenport and Rudolph on these drug buys. On numerous occasions, Davenport's 8-year-old step-son would also accompany them. In one instance, Davenport's step-son observed Davenport with a syringe and asked her about it. Davenport's daughter also disclosed that her 16-year-old boyfriend would also skip school to go with them to Philadelphia to buy drugs. Id. Davenport and Rudolph would supply the

2

boyfriend with heroin and cocaine, and would inject both her daughter and her daughter's boyfriend with heroin during the car rides back from Philadelphia. Id.

On September 26, 2014, Mission Kids Child Advocacy Center interviewed the daughter's boyfriend, who verified Davenport's daughter's account.

On September 30, 2014, Rudolph gave a voluntary interview to police. During that interview Rudolph admitted to driving to Philadelphia several times per week over the course of the past year to purchase heroin along with Davenport and Davenport's daughter. Rudolph also told police that Davenport's step-son would often accompany them on their trips to Philadelphia to buy drugs. Rudolph further told police that she witnessed Davenport inject her daughter and herself with heroin during the car rides back. Finally, Rudolph admitted to being the person identified as Megan who made the report to the Souderton Area High School counselor regarding Davenport and her daughter. Id.

Based upon these facts, on October 1, 2015, Davenport agreed to enter an open guilty plea to the aforementioned charges. A sentencing hearing was conducted on December 17, 2015.

At the sentencing hearing, the Commonwealth presented a victim impact statement of Davenport's daughter through Lisa King Brown, a child advocate. In that letter, Davenport's daughter expressed the impact that her mother's actions have had and continue to have on her and her life and the

3

destruction of her relationship with her little brother. The Commonwealth also offered a letter written by the victim's grandmother into evidence. Davenport exercised her right to allocution. After argument by both defense counsel and the Commonwealth, this Court with the benefit of a presentence investigation and report and a PPI evaluation and report, stated its reasons for the sentence that it was about to impose. This Court imposed the following sentence. On the conspiracy conviction, Davenport was sentenced to a term of 6 months' to 10 years' imprisonment, receiving credit for time already served. On the possession with intent to deliver heroin, she was sentenced to a 5 to 10 year term of imprisonment. Finally, on the endangering the welfare of a child, Davenport was sentenced to 1 to 7 years' imprisonment. The sentences are concurrent to each other.

On December 23, 2015, this Court issued an order, setting forth written reasons *nunc pro tunc* for the sentencing guidelines upward departure.[2]

Davenport filed a timely post-sentence motion,[3] raising the discretionary aspects of her sentence. The post-sentence motion was denied. A timely appeal followed.

## ISSUES

I.   Whether the sentence imposed on each conviction is proper, when each is not manifestly harsh or excessive.

---

[2]   A copy of this Order is attached to this Opinion, as it is not reflected on the docket.

[3]   Davenport filed her post-sentence motion on December 28, 2015 because the 10th day fell on Sunday, December 27, 2015.

4

II.     Whether Davenport's positive rehabilitative attributes were considered, when this Court reviewed her presentence investigation and report prior to imposing her sentence.

III.    Whether this Court properly reasoned that the youth enhancement does not contemplate a mother dealing drugs to her own daughter, when the plain statutory language indicates that the focus of the enhancement on the age of a victim.

IV.     Whether this Court properly imposed a sentence that was different to that of co-defendant Rudolph.

V.      Whether a challenge to the weight and sufficient of the evidence is cognizable on appeal when she admitted to her crimes by entering a guilty plea.

## DISCUSSION

I.      The sentence imposed on each conviction is proper, when each is not manifestly excessive or harsh.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Commonwealth v. Clarke, 70 A.3d 1281, 1287 (Pa.Super. 2013).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa.Super. 2002). "In considering these factors, the court should refer to the defendant's prior criminal record, age,

5

personal characteristics and potential for rehabilitation." Commonwealth v. Antidormi, 84 A.3d 736, 761 (Pa.Super. 2014) (internal citations omitted).

First, Davenport asserts that the sentences imposed were manifestly harsh and excessive and not in conformity with the guidelines for each of her convictions. This issue as it relates to each conviction, as discussed below, goes to the discretionary aspects of Davenport's sentence. In fact, Issues I through IV of this 1925(a) Opinion all involve the discretionary aspects of sentencing. In this regard this Court first acknowledges that when a defendant enters a guilty plea, he waives his right to "challenge on appeal all non-jurisdictional defects except the legality of [his] sentence and the validity of [his] plea." Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa.Super. 2008) (citation omitted). However, "where a plea agreement is an open one as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence and no bargain for a stated term, agreed upon by the parties, is involved." Commonwealth v. Coles, 530 A.2d 453, 457 (Pa.Super. 1987); Commonwealth v. Dalberto, 648 A.2d 16, 21 (Pa.Super. 1994) ("We believe that justice requires that we treat this case as an 'open' plea and permit an appeal to the discretionary aspects of sentencing."). Accordingly, the discretionary aspects of Davenport's sentence may be challenged on appeal.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa.Super.

6

2004). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the appropriateness of the sentence. Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa.Super. 2005). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." Commonwealth v. Dunphy, 20 A.3d 1215, 1220 (Pa.Super. 2011) (quoting Commonwealth v. Fiascki, 886 A.2d 261, 263 (Pa.Super. 2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting Commonwealth v. Naranjo, 53 A.3d 66, 72 (Pa.Super. 2012)).

### a. Possession with intent to deliver

First, Davenport asserts that her sentence was harsh and excessive and that this Court abused its discretion by imposing a manifestly unreasonable upward departure of 5 to 10 years on her possession with intent to deliver conviction. Davenport states that the standard recommendation for this charge is 9 to 24 months, utilizing the Offense Gravity Score of 6, a Prior Record Score of 0 and including the youth/drug enhancement. Davenport argues that that the reasons stated of record for the sentence were not sufficient to exceed the standard range of the sentencing guidelines.

This issue raises a substantial question allowing for appellate review. See, e.g., Tirado, 870 A.2d at 365-366; Griffin, 804 A.2d at 8. Where an excessive sentence claim is based on deviation from the sentencing guidelines,

7

there must be an indication that the sentencing court understood the suggested sentencing range. Tirado, 870 A.2d at 366 (citing Commonwealth v. Mouzon, 828 A.2d 1126, 1128 (Pa.Super. 2003)). When there is such an indication, the sentencing court may deviate from the sentencing guidelines to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range. Id. Thus, simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record. Id. When the sentence imposed is outside the sentencing guidelines, moreover, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Id.

In this case, this Court sentenced Davenport to a term of 5 to 10 years' imprisonment on her conviction for possession with intent to deliver heroin. The youth enhancement was applied. Prior to sentencing Davenport, this Court gave the following statement on the record as to why an upward departure from the guidelines was appropriate in this case.

> Well, the Court does have the benefit of a presentence investigation and report, which I have carefully considered, together with the PPI evaluation and report. I have also considered the information

8

provided here by counsel, the sentencing guidelines and the Sentencing Code.

I think what stands out is this defendant lacks all genuine remorse. She's sorry only for the fact that she now has to be held accountable for her actions.

On page three from the PPI evaluation they quote her as saying she did nothing wrong; it never actually happened; the daughter made the whole story up. We know that is simply a lie.

There certainly are some crimes that are so horrible that the sentencing guidelines do not really take into account the actual offense gravity, how horrible the crime actually is. It's hard to think that anyone on the Sentencing Commission would have imagined a crime as horrible as this. I don't think anybody in this courtroom would have done so. In my 35-some years in criminal justice I've seen a mountain of horrible crimes. This one is high up on the mountaintop.

As we know, she got her own daughter addicted to injecting heroin at 15 years old. She put the needle in her own daughter's arm. This is akin to intentionally infecting your child with leprosy or cancer. The impact of this horrible crime on her own daughter is huge and of lifelong duration. She will struggle. She is doing well and I hope she continues to do well.

The impact on society is likewise very significant.

The fact that this defendant was addicted to heroin first is no excuse or justification. The fact that she violated the duty of care that any adult owes to any child is significant. And the fact that she violated the duty of care a mother owes to a daughter is even more significant.

This is conduct that can't be tolerated. A strong message must go out that those like her will be punished, and punished severely. Quite clearly, this defendant is in need of commitment to a state prison.

> Based on her character and attitude a lesser sentence would depreciate the seriousness of this criminal conduct which was very, very significant, horrible and ongoing. A consecutive sentence I will impose is appropriate under all the circumstances presented here.

(Sentencing 12/17/15 pp. 20 – 22). It was pivotal to this Court's reasoning that although the youth enhancement requires a trial court to consider elevated sentencing guideline ranges when "the court determines that the offender distributed a controlled substance to a person or persons under the age of 18[,]" 204 Pa.Code § 303.10(b)(1), it does not anticipate a situation such as this case, where a mother violated a sacred duty to keep her child safe from harm and broke a sacred trust a child instinctively has for her mother. Davenport utterly failed in this duty and violated her daughter's trust by affirmatively bringing harm to her daughter, not just once, but over and over again. Now her daughter faces the ongoing struggle of a recovering drug addict at the present age of 16. Her daughter must do this without the help of someone she should have been able to rely on, her mother since it was her mother that caused her the harm.

In addition to making the above on-the-record statement in Davenport's presence, this Court issued an order dated December 23, 2015, that set forth *nunc pro tunc* the written reasons for the upwards departure and states as follows:

1. The reasons stated on the record are incorporated.
2. The criminal conduct was repeated and of exceptional depravity.

3. The criminal conduct will have a lifelong impact on the victim causing exceptional damage to the victim.
4. The defendant violated all duties of care and trust that mother owes to her daughter.
5. A strong message needs to be sent that this type of criminal conduct will not be tolerated.
6. Children need the protection of the Court and the Criminal Justice system.
7. Consecutive guideline sentences adding up to the same minimum could have also been justified.
8. The criminal conduct was far from the ordinary conduct exhibited normally for similar crimes.
9. The sentencing guidelines should not be viewed as depriving the Court of its sentencing discretion in exceptional cases such as this case.
10. The defendant showed no genuine remorse.
11. The defendant lied to the author of the presentence report, falsely blaming the victim for the crimes.

See, Order dated 12/23/15. Accordingly, for all of the reasons stated at the sentencing hearing and the *nunc pro tunc* written statement, the upward departure was appropriate in this case.

### b. Endangering the welfare of a child

Next, Davenport baldly asserts that this Court abused its discretion by sentencing her to a term of 1 to 7 years' imprisonment, the "maximum standard range sentence," on her endangering the welfare of a child conviction.

In this case, this Court sentenced her to 1 to 7 years' imprisonment. The standard guideline range for this conviction is 3 to 12 months' imprisonment; therefore, Davenport's minimum sentence falls within the standard guideline range. This claim fails to raise a substantial question. Commonwealth v. Postell, 693 A.2d 612 (Pa.Super. 1997) (appellant did not raise substantial question as to appropriateness of defendant's sentence under

11

sentencing code because the sentence was within standard range of Sentencing Guidelines). Even if Davenport did raise a substantial question allowing for appellate review, this Court relies on its reasons placed on the record at the time of sentencing as set forth earlier in this opinion in support of this sentence.

### c. Criminal conspiracy to possess with the intent to deliver

Davenport further alleges that this Court abused its discretion by imposing a state sentence of 6 months' to 10 years' on her conspiracy charge because it is a state sentence and because this Court applied her incarceration credit to this charge and not to the 5 to 10 year sentence.

Davenports challenges the sentence imposed on her conspiracy conviction, because it is a state sentence rather than a county facility. It seems that Davenport argues that had she been sentenced properly she would have qualified to serve this sentence in a county facility as opposed to a statue institution. Davenport further challenges this Court's application of time credit to her conspiracy charge rather than to her possession with intent to deliver charge. This raises a substantial question. Commonwealth v. Fullin, 892 A.2d 843, 850 (Pa. Super. 2006). This claim lacks merit.

This Court's authority to choose the place of confinement derives from Section 9762, which in relevant part provides:

> All persons sentenced three or more years after the
> effective date of this subsection [November 24, 2008]
> to total or partial confinement shall be committed as
> follows:

12

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of all of the following:

(i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

(ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S.A. § 9762(b). Here, this Court imposed a maximum term of 10 years in prison. Thus, pursuant to the clear language of Section 9762(b), this Court had the authority to commit Davenport to a state correctional facility.

Additionally, for all of the reasons stated of record in open court and those set forth in this Court's *nunc pro tunc* written statement, Davenport was properly sentenced on her conspiracy conviction to a state institution. It is within the discretion of this Court to fashion an appropriate sentence taking into consideration all of the relevant factors and this Court having done so fashioned Davenport's sentence accordingly. There was no abuse of discretion.

Finally, this Court did not abuse its discretion in crediting Davenport on her conspiracy sentence with time already served; rather, than applying it to her possession with intent to deliver charge. The sentence this

13

Court imposed on Davenport was proper and necessary for all of the reasons already stated.

II. Davenport's positive rehabilitative attributes were considered, when this Court reviewed her presentence investigation and report prior to imposing her sentence.

Davenport's second issue on appeal asserts that this Court did not take into account or consider the positive rehabilitative attributes, relying solely on her criminal conduct. According to Davenport her positive attributes include but are not limited to, (1) her prior record score was 0, and the only conviction on her record was a retail theft summary offense, (2) she is in remission for her addiction, (3) she was employed while out on bail and (4) she obtained her GED in 1999 and has her CNA license.

Assuming this issue raises a substantial question and is currently reviewable on appeal, it must be noted that at the beginning of the sentencing hearing and at outset of this Court's pronouncement of Davenport's sentence, this Court stated that it had reviewed the presentence investigation and report. In Commonwealth v. Devers, 546 A.2d 12 (Pa. 1988), our Supreme Court held that where a presentence report exists it will be presumed that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. Id., 546 A.2d at 18.

14

III. **This Court properly reasoned that the youth enhancement does not contemplate a mother dealing drugs to her own daughter, when the plain statutory language indicates that the focus of the enhancement on the age of a victim..**

Next, Davenport asserts that this Court erred in its reasoning and basing its sentence on the belief that the legislators did not contemplate the seriousness of this conduct when fashioning the guidelines. Davenport argues that the youth/drug enhancement is triggered by the age of the victim and delivery of a controlled substance. Davenport also alleges that this Court further erred when it equated the conduct "...to infecting your own child with leprosy or cancer" and that of all the cases this Court has seen this "...one is high on the mountain top." Davenport argues that this was in error because this conduct is already accounted for in the sentencing guidelines and youth/drug enhancement.

Assuming that this issue raises a substantial question, the youth enhancement is properly applied "[w]hen the court determines that the offender distributed a controlled substance to a person or persons under the age of 18..." 204 Pa.Code § 303.10(b)(1). A plain reading of this statutory language reveals that the youth enhancement focuses on the age of the child, not the relationship between the adult to the child. Davenport's argument utterly fails to address this aspect of her crime. Certainly a parent has a heightened duty of care to protect and keep safe his or her own child as compared to that of a third party. It is a fundamental societal norm, and Davenport violated it by possessing heroin with the intent to deliver it to her

15

own child. It is a crime to possess drugs and deliver it to a child. It is even worse to give drugs to your own daughter. This is the aspect of Davenport's crime cannot be accounted for under the youth enhancement, and can only be accounted for in the manner that this Court chose to fashion her sentence.

Davenport further argues that this Court improperly engaged in a "reverse sentencing merger" analysis when it sentenced her to 5 to 10 years' imprisonment on the possession with intent to deliver charge. She reasons that "[o]stensibly, the 5 - 10 years was based on the fact that the defendant used heroin with her daughter." However, her "actions are consumed by the two [endangering the welfare of a child] charges and although she received separate sentences for the [endangering the welfare of a child], this Honorable Court aggravated the [possession with intent to deliver] sentence because [she] was the caretaker of her daughter. Thus, even though the charges of [endangering the welfare of a child] and [possession with intent to deliver] do not merge for sentencing purposes, this Honorable Court seems to have combined the two different elements they seek to address into a combined aggravated range sentence for the PWID charge." See, Concise Statement of Errors Complained of on Appeal dated 2/5/16 p. 3 at number 5.

It is unclear what Davenport means by a "reverse merger analysis"; however, Davenport admitted her guilt on the possession with intent to deliver charge and was sentenced using the youth enhancement at sentencing as is statutorily permitted. In addition, Davenport admitted her guilt on two

16

endangering the welfare of a child charge, and was also sentenced accordingly.[4] There is nothing in the law that prohibits a sentencing judge in his or her discretion to apply the youth enhancement on a possession with intent to deliver charge and then to sentence a defendant on a endangering the welfare of a child charge. Each crime and their respective sentence go to different aspects of her admittedly criminal behavior.

## IV. This Court properly imposed a sentence that was different to that of co-defendant Rudolph.

Fourth, Davenport contends that this Court erred when it sentenced her co-defendant Rudolph probation and then gave her a 5 to 10 year term of imprisonment even though Rudolph pled guilty to only one less charge that her. Specifically, on January 13, 2015, Rudolph pled guilty to one count of possession with intent to deliver, one count of endangering the welfare of a child and one count of conspiracy. On November 23, 2015, Rudolph received 7 years' probation, including the PWID charge, despite the fact that the bills of information and affidavit of probable cause are completely identical. Davenport believes that Rudolph's standard guidelines were 9 to 16 months which was higher than hers, yet Rudolph received a lesser sentence than her. Davenport also claims that the youth enhancement was not applied to Rudolph. Davenport argues that the large discrepancies in the co-defendants' sentences, whom are similarly situated from a legal standpoint, further illustrate the abuse of discretion in this case.

---

[4]     Davenport was only sentenced on one of the endangering the welfare of a child charges. (Sentencing 12/17/15 p. 22 - 23.)

17

This issue does raise a substantial question. <u>Commonwealth v. Cleveland</u>, 703 A.2d 1046, 1048 (Pa.Super. 1997) (citing Commonwealth v. Canfield, 501, 639 A.2d 46, 49 (Pa.Super. 1994) (substantial question presented because "a disparity between sentences imposed upon co-defendants does touch upon the fundamental norms which underlie the sentencing process"). However, this claim is meritless.

For each defendant, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Because each co-defendant in a crime may pose a different threat to the community and may have different rehabilitative needs, it is not required that co-defendants receive identical sentences. <u>See</u>, <u>Commonwealth v. Mastromarino</u>, 2 A.3d 581, 589 (Pa.Super. 2010); <u>Commonwealth v. Krysiak</u>, 535 A.2d 165, 167 (Pa.Super. 1987). Generally, a sentencing court must indicate the reasons for differences in sentences between co-defendants. Krysiak, supra. "This is not to say, however, that the court must specifically refer to the sentence of a co-defendant. Rather, it requires that when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." <u>Mastromarino</u>, 2 A.3d at 589 (quoting Cleveland, 703 A.2d at 1048).

In this case, this Court provided ample reasons for Davenport's sentence, including her victimization of her own daughter, her lack of remorse,

18

her attempt to blame the victim for her own crime, the lifelong impact that her crimes will have on her daughter, among all of the other reasons as set forth in this Court's on-the-record statement in open Court and its *nunc pro tunc* written statement dated December 23, 2015.

Additionally, Davenport and Rudolph are certainly not similarly situated. There are very important differences between them, namely that Rudolph is not the victim's mother, Rudolph is the person who reported Davenport's criminal behavior to the Souderton Area High School counselor, which guaranteed an investigation into her own criminal behavior, Rudolph cooperated with police from the very beginning of the investigation and her cooperation with the Commonwealth in her willingness to testify against Davenport had Davenport gone to trial.

V.    A challenge to the weight and sufficient of the evidence is cognizable on appeal when she admitted to her crimes by entering a guilty plea.

Finally, Davenport challenges the weight and sufficiency of the evidence on her possession with intent to deliver charge, arguing that the evidence presented at trial indicated that the three perpetrators were sharing the drugs they had purchased as is common amongst heroin addicts.

When a defendant has enters a guilty plea, she waives her right to "challenge on appeal all non-jurisdictional defects except the legality of [her] sentence and the validity of [her] plea." Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa.Super. 2008) (quoting Commonwealth v. Rush, 909 A.2d 805, 807 (Pa.Super. 2006). In fact, Davenport acknowledged the limited scope of

19

issues she may raise on appeal in her written plea colloquy. See, Colloquy 10/1/15, p. 4, question 25. Therefore, neither claim is cognizable on appeal and will not be addressed here.

## CONCLUSION

Based on the forgoing analysis, the judgment of sentence imposed on December 17, 2015, should be affirmed.

BY THE COURT:

WILLIAM R. CARPENTER J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

**Copies sent on February 23, 2016**
**By Interoffice Mail to:**
Court Administration
Raymond Roberts, Esquire

20