J. S91010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CARL A. ROTH, | : | No. 999 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 25, 2016,
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos. CP-40-CR-0001656-2015,
CP-40-CR-0003079-2014

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 09, 2017**

Carl A. Roth appeals from the judgment of sentence of May 25, 2016, following his guilty plea to theft by unlawful taking and various sex offenses. Appointed counsel, Matthew P. Kelly, Esq., has filed a petition to withdraw and accompanying **Anders** brief.[1]  After careful review, we grant the petition and affirm the judgment of sentence.

On February 9, 2016, appellant entered an open guilty plea to one count of theft by unlawful taking[2] at case number CP-40-CR-0003079-2014.

---

* Former Justice specially assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[2] 18 Pa.C.S.A. § 3921(a).

It was alleged that on August 4, 2014, appellant stole a large amount of cash and coins from 314 Centre Street in Freeland. The residence was owned by Robert Kufro.

At case number CP-40-CR-0001656-2015, appellant pled guilty to one count each of involuntary deviate sexual intercourse ("IDSI") -- child under 13 years of age, criminal attempt to commit rape of a child, indecent assault -- person less than 13 years of age, and corruption of minors.[3] These charges related to appellant's sexual abuse of the 6-year-old victim, A.L.M., on multiple occasions during the summer of 2014.

Appellant appeared for sentencing on May 25, 2016. Appellant received an aggregate sentence of 16 to 32 years' imprisonment, followed by 5 years of probation.[4] Appellant was also to make restitution to Mr. Kufro in the amount of $36,822, jointly and severally with his co-defendants on the theft charge, Ian Nauman and Jeffrey Wilkinson.

Appellant did not file any post-sentence motions; however, a timely notice of appeal was filed on June 7, 2016. On June 8, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within

---

[3] 18 Pa.C.S.A. §§ 3123(b), 901(a), 3126(a)(7), & 6301(a)(1)(i), respectively.

[4] Appellant received consecutive sentences of 10 to 20 years for IDSI and 6 to 12 years for criminal attempt to commit rape of a child. Appellant's sentences of 9 to 18 months for indecent assault and 3 to 6 months for corruption of minors were to run concurrently with his sentences on the other charges. Appellant also received a consecutive sentence of 5 years of probation on the theft charge.

21 days pursuant to Pa.R.A.P. 1925(b). By order filed June 9, 2016, new counsel, Attorney Kelly, was appointed to represent appellant on the appeal. On June 22, 2016, appellant filed a Rule 1925(b) statement, raising one issue for appeal, to-wit, "Whether the trial court abused its discretion in sentencing the Defendant[?]" The Commonwealth filed its response on July 7, 2016; and on August 3, 2016, the trial court filed a Rule 1925(a) opinion.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to *Anders*, certain requirements must be met, and counsel must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Kelly has complied with all of the above requirements. In addition, Attorney Kelly served appellant with a copy of the *Anders* brief and advised him of his right to proceed *pro se* or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. As we find the requirements of *Anders* and *Santiago* are met, we will proceed to the issues on appeal.

Appellant challenges the discretionary aspects of his sentence; however, as set forth above, he did not file a post-sentence motion. "We have held that an objection to a discretionary aspect of a sentence is clearly waived if it was neither raised at the sentencing hearing nor raised in a motion to modify the sentence imposed at that hearing." *Commonwealth v. Jones*, 858 A.2d 1198, 1204 (Pa.Super. 2004) (internal quotation marks and citations omitted); *Commonwealth v. Reeves*, 778 A.2d 691, 692 (Pa.Super. 2001) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." (citation omitted)); *see also* Pa.R.Crim.P 720. After reviewing the sentencing transcript and certified

J. S91010/16

record in this case, we find that no objections were made at sentencing, and appellant did not file a post-sentence motion.

However, pursuant to Pa.R.Crim.P. 704, the trial court has a duty to accurately advise a defendant of his post-sentencing and appeal rights.[5]

---

[5]            (3)    The judge shall determine on the record that the defendant has been advised of the following:

           (a)    of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

Pa.R.Crim.P. 704(C)(3)(a).

      The rule is intended to promote prompt and fair sentencing procedures by providing reasonable time limits for those procedures, and by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights.

*Id.*, Comment.

      The judge should explain to the defendant, as clearly as possible, the timing requirements for making and deciding a post-sentence motion under Rule 720. The judge should also explain that the defendant may choose whether to file a post-sentence motion and appeal after the decision on the motion, or to pursue an appeal without first filing a post-sentence motion.

      Paragraph (C)(3) requires the judge to ensure the defendant is advised of his or her rights concerning

Here, the trial court wrongly implied that appellant could raise a discretionary sentencing challenge without first filing a post-sentence motion:

> Mr. Roth, if you don't agree with my sentence you have two ways to appeal my sentence. The first is within ten days of today's date you file a written notice asking me to reconsider the sentence. I am telling you right now I am not going to reconsider it, I will deny that. Once I deny that you have 30 days from that date to file a written appeal to Superior Court. **Or you can bypass me directly and file a written appeal to the Superior Court within 30 days of today's date challenging your sentencing.** Do you understand your appellate rights?
>
> THE DEFENDANT: Yes.

Notes of testimony, 5/25/16 at 19-20 (emphasis added). Of course, this was an incorrect statement of the law insofar as it implies that appellant can elect to "bypass" the trial court and file a timely direct appeal challenging the discretionary aspects of his sentence. Any such challenge would be deemed waived for failure to raise it in the court below. Therefore, we decline to find waiver on this basis. *See Commonwealth v. Patterson*, 940 A.2d 493, 498-499 (Pa.Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008) ("The courts of this Commonwealth have held that a court

---

> post-sentence motions and appeal, and the right to proceed with counsel. *See*, *e.g.*, *Commonwealth v. Librizzi*, 810 A.2d 692 (Pa.Super. 2002).

*Id.*

breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." (citations omitted)).

In its Rule 1925(a) opinion, the trial court found that appellant waived his sentencing challenge because of the exceedingly vague nature of his Rule 1925(b) statement. (Trial court opinion, 8/3/16 at 2.) Appellant simply alleged that the trial court abused its discretion, without specifying how, why, or in what manner the court abused its discretion in sentencing appellant. (*Id.*) *See Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa.Super. 2008) (*en banc*) ("[W]hen issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all." (citations omitted)).

Nevertheless, we will briefly address the merits of the issue because appointed counsel has filed an *Anders* brief and a petition to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (addressing the appellant's discretionary sentencing challenge in light of counsel's petition to withdraw, despite the fact that his Pa.R.A.P. 2119(f) statement failed to cite what particular provision of the Sentencing Code or what specific fundamental norm the appellant's sentence allegedly violated), citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa.Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal). So, in *Hernandez*, for example, this court addressed the merits of

the appellant's discretionary aspects of sentencing challenge even though counsel failed to comply with the trial court's Rule 1925 order. **Hernandez**, 783 A.2d at 787 ("**Anders** *requires* that we examine the issues to determine their merit." (emphasis in original)). This was true even though at the time **Hernandez** was decided, a failure to timely comply with Rule 1925(b) resulted in automatic waiver. **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005); **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998).

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136 (Pa.Super. 2001)[,] **appeal denied**, 568 Pa. 695, 796 A.2d 979 (2001). When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); **Commonwealth v. Tuladziecki**, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" **Commonwealth v. Williams**, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (**en banc**) (emphasis in original).

**Commonwealth v. McNear**, 852 A.2d 401, 407-408 (Pa.Super. 2004).

Instantly, appellant has complied with Rule 2119(f) by including the requisite statement in his brief. (Appellant's brief at 3.) However, we find

that appellant does not raise a substantial question for our review. Appellant entered an open guilty plea and received a guideline sentence. Appellant falls well short of raising a "substantial question" for our review with respect to the trial court's exercise of its sentencing discretion. There is simply nothing to review here.

Appellant acknowledges that his sentences fell within the standard range of the sentencing guidelines. *See Commonwealth v. Maneval*, 688 A.2d 1198, 1199-1200 (Pa.Super. 1997) ("Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists."), citing *Commonwealth v. Johnson*, 666 A.2d 690, 692 (Pa.Super. 1995). In addition, the court had the benefit of a PSI report. (Notes of testimony, 5/25/16 at 2.) "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). To the extent that appellant argues the trial court abused its discretion in making two of his sentences consecutive, he does not raise a substantial question for this court's review either. "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence

being imposed." ***Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa.Super. 2005) (citations omitted).

Even if this court were to proceed to review the merits of appellant's claim, we would find no abuse of discretion where the trial court set forth the reasons for its sentence, including the fact that appellant, the victim's mother's ex-boyfriend, was a father figure to the victim. (Notes of testimony, 5/25/16 at 16.) The victim called appellant "daddy," and he used that position of trust to manipulate and abuse her. (***Id.*** at 3.) Appellant demonstrated lack of remorse and blamed the 6-year-old victim for the abuse, telling investigators that she wanted him to touch her private parts. (***Id.*** at 15.) Even appellant's own psychiatric expert concluded that he was a sexually violent predator. (***Id.*** at 13, 16.) The trial court heard testimony regarding appellant's difficult upbringing, including the fact that he was sexually abused as a child, but concluded that appellant was a danger to society and in need of extensive psychiatric treatment. (***Id.*** at 11, 16.) The sentencing judge did grant appellant's request that he recommend placement at SCI-Waymart's mental health facility. (***Id.*** at 14, 24.) There is no merit here.

For the reasons discussed above, we determine that appellant's issue on appeal is wholly frivolous and without merit. Furthermore, after our own independent review of the record, we are unable to discern any additional

issues of arguable merit. Therefore, we will grant Attorney Kelly's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017