J-S45014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DARDEN A/K/A GEORGE DAVIS | : | |
| | : | |
| | : | No. 3326 EDA 2019 |
| Appellant | : | |

Appeal from the PCRA Order Entered November 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002495-2015

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                     **FILED FEBRUARY 05, 2021**

Matthew Darden a/k/a George Davis appeals from the November 14, 2019 order denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

This Court previously authored a comprehensive summary of the factual and procedural history of this case.  ***See Commonwealth v. Darden***, 194 A.3d 712 (Pa.Super. 2018) (unpublished memorandum at 1-2).  In short, a jury convicted Appellant of, *inter alia*, involuntary deviate sexual intercourse ("IDSI") and aggravated indecent assault in connection with multiple sexual assaults he committed against his twelve-year-old stepdaughter in the spring of 2011.  At trial, the victim recounted these events in detail.  The victim's brother and her school counselor separately testified that the victim disclosed these assaults "two or three years" after they occurred.  ***Id***. at 1.

On January 12, 2017, the trial court sentenced Appellant to an aggregate term of thirty-eight to seventy-six years of imprisonment. "Although still represented by counsel, [Appellant] filed a *pro se* notice of appeal on January 17, 2017." *Id*. While Appellant initially sought to represent himself on direct appeal, he eventually abandoned those efforts. On July 26, 2018, this Court affirmed his judgment of sentence. *Id*. at 3. Appellant did not seek allowance of appeal before our Supreme Court.

On October 15, 2018, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed and an amended PCRA petition was filed asserting various claims that Appellant's trial counsel had rendered ineffective assistance of counsel by failing: (1) to file a post-sentence motion challenging the weight of the evidence; (2) to file a motion for reconsideration of sentence; and (3) to question a juror about a conversation with a courtroom employee. *See* Amended PCRA Petition, 4/7/19, at 7. In response, the Commonwealth filed a motion to dismiss, arguing that Appellant's claims lacked merit because he could not establish prejudice.

On October 24, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Upon receiving no response from Appellant, the PCRA court dismissed the petition on November 14, 2019. The next day, Appellant filed notice of appeal to this Court. Both Appellant and the PCRA court have complied with the requirements of Pa.R.A.P. 1925(b).

Appellant has raised the following questions for our consideration:

I.  Whether the court erred in denying [Appellant's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II.  Whether the court was in error in not granting relief on the issue that [trial] counsel was ineffective for the following reasons:

a. Counsel was ineffective for failing to file a post[-]verdict motion that the verdict was against the weight of the evidence.

b. Counsel was ineffective for failing to file a motion for reconsideration of sentence.

c. Counsel was ineffective for failing to question a juror about a conversation the juror had with a courtroom employee.

Appellant's brief at 8.

In reviewing these issues, we are mindful of the following legal principles:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before the court. . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. . . . However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal quotation marks and citations omitted).

The PCRA court authored a cogent opinion pursuant to Pa.R.A.P. 1925(a), that provides a well-reasoned and complete discussion of the factual and procedural history of Appellant's case.  Furthermore, the PCRA court has

addressed each of Appellant's claims with apposite and persuasive citations to legal authorities and the certified record. We discern no legal errors in the PCRA court's analysis and we find that its factual findings and credibility determinations are fully supported by the contents of the certified record.

Accordingly, we will adopt the reasoning set forth in the PCRA court's Rule 1925(a) opinion as our own.[1] **See** PCRA Court Opinion, 3/4/20, at 5-7 (determining that trial counsel was not ineffective by not filing a post-sentence motion challenging the weight of the evidence because the verdict did not shock the trial court's conscience); 7-10 (explaining that trial counsel cannot be ineffective for failing to file a motion for reconsideration of sentence that lacked merit); 10-11 (indicating that Appellant failed to articulate how trial

_____

[1] In its Rule 1925(a) opinion, the trial court suggests in *dicta* that Appellant's trial counsel cannot be held ineffective for failing to file post-sentence motions due to Appellant's filing of a premature *pro se* notice of appeal. **See** Trial Court Opinion, 3/4/20, at 8 ("Counsel cannot be held deficient due to [Appellant's] own actions."). This passing statement is not relevant to the PCRA court's legal analysis, which concludes on separate and correct grounds that Appellant cannot demonstrate that counsel's alleged oversights would ultimately entitle him to relief, *i.e.*, the prejudice prong of the ineffectiveness standard set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

For the sake of clarity, we note that our Supreme Court has previously held that a "merely premature" *pro se* notice of appeal filed by a represented defendant does **not** inextricably divest the trial court of jurisdiction to act upon a timely, counseled post-sentence motion that is subsequently filed. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007-08 (Pa. 2011). Thus, we discern that counsel is not excused from an obligation to file post-sentence motions merely due to his "unschooled" client's "ill-advised" filing of a *pro se* notice of appeal. **Id**.

- 4 -

counsel's failure to question a juror concerning a brief encounter with a courtroom employee prejudiced him); 11-12 (concluding that no evidentiary hearing was warranted because there were no "material issues of fact" that, if decided in Appellant's favor, would have entitled him to relief).

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/5/2021*

COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

FILED

2020 MAR -4 AM 10: 35

OFFICE OF JUDICIAL RECORDS
DISTRICT

COMMONWEALTH OF PENNSYLVANIA      :
                                  :     PCRA
                v.                :
                                  :     CP-51-CR-0002495-2015
MATTHEW DARDEN a/k/a              :
George Davis                      :

## OPINION

## STATEMENT OF THE CASE

Defendant is appealing the dismissal of his PCRA petition as having no merit. Defendant complains trial counsel was ineffective for failing to file a post sentence motion challenging the weight of the evidence, failing to file a post sentence motion for reconsideration of sentence and failing to question a juror regarding a conversation with a court employee. Defendant also complains the Court erred in not conducting an evidentiary hearing. Defendant's complaints are without merit.

## PROCEDURAL HISTORY

On September 1, 2016, at the conclusion of his jury trial, Defendant was found guilty on the charges of Involuntary Deviate Sexual Intercourse (IDSI) of a child less than thirteen years of age, Aggravated Indecent Assault of a child less than thirteen years of age, and related offenses. On January 12, 2017, Defendant was sentenced to an aggregate period of confinement in a state correctional facility of thirty-eight to seventy-six years.

1

On January 17, 2017, Defendant timely filed a direct appeal to the Superior Court of Pennsylvania, at 454 EDA 2017, which affirmed his judgment of sentence on July 26, 2018. On October 15, 2018, Defendant timely filed the instant counseled PCRA Petition pursuant to 42 Pa.C.S.A. §9541, et. Seq. On November 8, 2018, Peter A. Levin, Esq., was appointed to represent Defendant for the purpose of his PCRA petition. On April 8, 2019, Defendant filed a counseled amended PCRA petition. On August 8, 2019, the Commonwealth filed a motion to dismiss. On October 24, 2019, after a hearing and careful review of the record, the Court issued its notice, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure (Pa. R. Crim. P.), advising Counsel and Defendant that it intended to dismiss Defendant's petition within twenty days of issuance. On November 14, 2019, receiving no response, the Court issued an Order dismissing Defendant's PCRA Petition as being without merit.

On November 15, 2019, Defendant timely a filed the instant Notice of Appeal to the Superior Court of Pennsylvania. On December 18, 2019, this Court filed and served on Defendant an Order, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the Court's Order. On January 8, 2020, Defendant timely filed his "Statement of Errors Complained of on Appeal." In his statement of errors, Defendant raises four issues, namely:

1. "a) Counsel was ineffective for failing to file a post verdict motion that the verdict was against the weight of evidence. (See Amended PCRA 4/7/19, p. 11-13)
   b) Counsel was ineffective for failing to file a motion for reconsideration of sentence. (See Amended PCRA 4/7/19, p. 13-16)
   c) Counsel was ineffective for failing to question a juror about a conversation he had with a courtroom employee. (See Amended PCRA 4/7/19, p. 16-17)

2. The PCRA court was in error in failing to grant an evidentiary hearing on the above issues."

## DISCUSSION OF THE ISSUES RAISED:

The statutory intent of the PCRA Act is to function as an extraordinary proceeding designed to provide relief to "persons convicted of crimes they did not commit and serving illegal sentences." (42 Pa.C.S.A. 9542) It is not meant to function as a substitute for or a continuation of direct appellate rights. Therefore, in pursuing PCRA relief, applicants must establish through their pleading, sufficient grounds to justify the granting of relief. Consequently, claims of ineffectiveness are subject to specific pleading and proof requirements under the PCRA act. "Mere boilerplate assertions......are inadequate to prove the effective denial of the right to counsel necessary to warrant PCRA relief. *Commonwealth v. Simmons*, 804 A.2d 625, 639 (Pa. 2001)

Defendant, in seeking PCRA relief on the grounds of ineffective assistance of counsel must plead and establish by a "reasonable probability" that the outcome of his trial would have been different but for counsel's ineffectiveness. The essence of a claim of ineffective assistance of counsel is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. *Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. 2014) When the issue of the ineffectiveness of counsel is raised; "Counsel is presumed to have been effective and the defendant has the burden of proving otherwise." *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001) Our Supreme Court, in *Commonwealth v. Lesko*, 15 A.3d 345 (Pa. 2011), reaffirmed its previously enunciated *Strickland/Pierce[1]* test, which established that in order to prevail in his complaint that counsel was ineffective Defendant must satisfy each prong of a three prong test. That is, he must establish:

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987)

3

"(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." *Id.*, at 373 "With regard to the second, *i.e.*, the reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (Internal citations and quotations omitted) When prejudice cannot be presumed, Defendant must plead and prove actual prejudice under "*Strickland*." *Commonwealth v. Reaves*, 923 A.2d 1119, 1127 (2007) "The *Strickland* test for prejudice requires a showing of a reasonable probability that the outcome of the...proceeding...would have been different." *Commonwealth v. Daniels*, 104 A.3d 267, 296-97 (Pa. 2014) A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Spotz, Supra.*

"A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Watson*, 835 A.2d 786, 793 (Pa. Super. 2003) Furthermore, "a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Lesko*, at 374 (2011) "If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." *Commonwealth v. Albrecht*, 554 Pa. 31, 46, 720 A.2d 693, 701 (1998)

4

## I. COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO FILE A POST VERDICT MOTION THAT THE VERDICT WAS AGAINST THE WEIGHT OF EVIDENCE.

Defendant, in his first statement of errors, complains trial counsel was "ineffective for failing to file a post verdict motion that the verdict was against the weight of evidence." Defendant's complaint is both disingenuous and without merit.

"A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict...A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (Internal citations omitted) In *Commonwealth. v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) our Superior Court held that "credibility determinations are made by the fact finder and that challenges thereto go to the weight, and not the sufficiency, of the evidence." "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.*, at 753

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Johnson*, 542 Pa. 384, 394, 668 A.2d 97, 101 (1995). "The granting of a new trial is an inherent power and immemorial right of the trial court and an appellate court will not find fault with the exercise of such authority in the absence of a clear abuse of discretion." *Clewell v. Pummer*, 388 Pa. 592, 598–99 (1957). "Before a trial court may award a new trial on the ground that the verdict is against the weight of the evidence, it must appear that the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth*

5

*v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. 2004), citing *Commonwealth v. Hunter*, 554 A.2d 550 (Pa. Super. 1989). "Whether a new trial should be granted on such grounds is addressed to the sound discretion of the trial court." *Commonwealth v. Murray*, 597 A.2d 111, 113 (Pa. Super. 1991).

Prior to imposing sentence, counsel announced his intention to file post sentence motions. Despite this, Defendant filed his *pro se* Notice of Appeal five days after the imposition of sentence, thus depriving counsel the opportunity to timely file a reasoned and considered post sentence motion. (N.T. 1/12/17, pgs. 20, 21, 26) (Also see counsel's Motion to Withdraw as Counsel, filed 3/17/2017)

That said, as discussed in its prior 1925(a) opinion, at 454 EDA 2017, the evidence at trial was credible, direct and unequivocal. The complaining witness testified that she had been sexually violated by the Defendant, her stepfather, twice while she was only twelve years old. She testified that, on the first occasion, Defendant digitally penetrated her vagina with his finger. (N.T. 8/30/16, pgs. 77, 78, 79, 80) The next physical contact occurred when Defendant told her to lay down on the bed so he could perform the "root" ritual on her, which she defined as Defendant performing oral sex on her. (N.T. 8/30/16, pg. 81, 83, 84) She also testified that she had been told by Defendant "Don't tell your mom, it would break her heart..." (N.T. 8/30/16, pg. 80) The complainant's testimony was corroborated by her father, brother and school counselor, each of whom testified that the complainant subsequently confided in them that she had been assaulted by Defendant. (N.T. 8/30/16, pgs. 28, 29, 36, 143, 155)

Defendant ignores the record. As the Court explained in its prior 1925(a) opinion, at pg. 6, citing *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005), "it is well established that 'the uncorroborated testimony of the complaining witness is sufficient to convict

6

a defendant of sexual offenses." As discussed above, the complainant's testimony regarding Defendant's abuse was credible, clear and direct. The jury, on the other hand, could have believed Defendant's equally direct testimony that no such abuse occurred. The jury, in convicting Defendant, was not persuaded by his testimony.

That said, in reviewing the record before it, the Court cannot say that the "verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." The Court finds Defendant was not prejudiced by counsel's actions, for had counsel presented a motion challenging the verdict as being against the weight of the evidence, the Court would have denied it.

## II. COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO FILE A POST TRIAL MOTION TO RECONSIDER SENTENCE.

Defendant, in his second statement of errors, complains trial counsel was "ineffective for failing to file a motion for reconsideration of sentence." Again, Defendant's complaint is both disingenuous and without merit.

It is well established that in reviewing sentencing matters, the decision of the trial court is accorded "great weight, as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Canfield*, 639 A.2d 46, 50 (Pa. Super. 1994) (internal citation omitted) Further, a sentence imposed by the sentencing judge will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Galletta*, 864 A.2d 532, 34 (Pa. Super. 2004). Our Supreme Court in *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007), citing its decisions in *Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893, at 895 (Pa. 1996), held an abuse of discretion is more than a mere error of judgment, and a sentencing court will not have abused its discretion unless "the

7

record disclosed that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.......The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Furthermore, our Superior Court, in *Commonwealth v. Mastromarino*, 2 A.3d 581, 586-5875 (Pa.Super.2010) reiterated that; "Long standing precedent of this Court recognizes that 42 Pa.C.S.A. §9721, affords the sentencing court's discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed."

It has long been recognized that failure to seek reconsideration of sentence does not rise to the level of *per se* ineffectiveness of counsel. Whether trial counsel "can be deemed ineffective, then, depends upon whether appellee has proven that a motion to reconsider sentence, if filed..., would have led to a different and more favorable outcome at...sentencing. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence." *Commonwealth v. Reaves*, 923 A.2d 1119, 1131–32 (Pa. 2007) Thus, Defendant must establish actual prejudice resulting from counsel's failure to file such a motion. That is, he must establish that there was a "reasonable probability" that such a motion would have resulted in a reduction of his sentence.

As noted above, Defendant's filing of his *pro se* Notice of Appeal five days after the imposition of sentence, effectively deprived counsel of the ability to timely file a reasoned and considered motion for reconsideration of sentence. Counsel cannot be held deficient due to Defendant's own actions.

That said, it was agreed by counsel that Defendant's prior record score (PRS) was 5. (N.T., 1/12/17, pg. 12) It was also agreed that the offense gravity scores (OGS) on the charge of IDSI on a child and unlawful contact with a minor was 14, with a guidelines recommendation of 192 months to statutory limits ± 12 months. On the charge of aggravated indecent assault of a child, the OGS is 12, with a guideline sentence of 84 to 102 months ± 12. On each of the charges of corrupting the morals of a minor and endangering the welfare of a child, the OGS is 6 with a guideline sentence of 21 to 27 months, ± 6. (N.T., 1/12/17, pg. 12, 13) It was also agreed by counsel that Defendant was determined to be a Sexually Violent Predator (SVP). (N.T., 1/12/17, pgs. 9-11, 28)

After reviewing Defendant's PSI, sexual assessment evaluation and listening to argument of counsel, the Court found Defendant was likely to reoffend. (N.T., 1/12/17, pg. 27) In imposing sentence, the Court noted for the record that "I'm going to impose a guideline sentence," whereupon the Court imposed the following consecutive periods of incarceration in a state correctional facility as follows; 1) on the charge of IDSI with a child, 16 to 32 years; 2) on the charge of unlawful contact with a minor, 10 to 20 years; 3) on the charge of aggravated indecent assault of a child, 8 to 16 years; 4) on the charge of endangering the welfare of a child, 2 to 4 years; and 5) on the charge of corruption of a minor 2 to 4 years. In short, the court imposed an aggregate sentence of 38 to 76 years of confinement. (N.T., 1/12/17, pgs. 27, 28)

Prior to imposing sentence, Defendant requested that his sentence be within the guidelines. (N.T., 1/12/17, pg. 17) Each sentence imposed is clearly within the guidelines, as requested. However, Defendant's prior record score of 5 belies his extensive criminal history. (N.T., 1/12/17, pgs. 13, 14) In light of this and the likelihood of Defendant reoffending, the Court felt it was appropriate that his sentences run consecutively to each other. Nevertheless, Defendant's sentence

9

was reasonable under the circumstances and had Defendant filed a motion for reconsideration, the Court would have denied it.

## III.  COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO QUESTION A JUROR.

Defendant, in his third statement of errors, complains trial counsel was "ineffective for failing to question a juror about a conversation he had with a courtroom employee." Defendant's complaint is without merit.

It has long been recognized that *ex parte* "contact among jurors, parties, and witnesses is viewed with disfavor." *Commonwealth v. Brown*, 786 A.2d 961, 972 (Pa. 2001) (internal citations omitted) However, in the event of improper or inadvertent contact between a juror and a witness there is no *per se* rule requiring a mistrial. *Commonwealth v. Mosley*, 535 Pa. 549, 637 A.2d 246 (1993) Additionally, "only those *ex parte* communications between a court and jury which are likely to prejudice a party will require reversal." *Commonwealth v. Bradley*, 501 Pa. 25, 27, 459 A.2d 733, 734 (1983) "It is within the discretion of the trial court to determine whether a defendant has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted." *Brown, Supra.*, at 972 (Internal citations omitted)

Prior to the commencement of trial, the Court advised counsel, outside of the hearing of the jury that; "Last night my tipstaff was riding on the train and one of the jurors was talking to him about court in general, nothing [about] the case." (N.T., 8/30/16, pg. 4) After being sworn in, the Court's Tipstaff testified as follows:

"I got on the train to go home. I caught the train at Jefferson. It was a little packed. There was still a couple seats left. It went into Suburban Station which was very heavily packed. He just came up and sat right next to me, didn't say nothing. I didn't look at him. I was looking out the window. And he turned around to me and he said, "You

10

work at the courthouse." And I said yes. And he said, "I thought I recognized you." I didn't say nothing. He then, after a few minutes we started moving out of 30th Street Station, he asked about the job. And I said, "Well, it is interesting in the beginning and at the end it is like water off the duck's back. You get used to it." And that is about as far as I can remember." (N.T., 8/30/16, pg. 5)

When specifically asked if the case had been discussed, the Tipstaff responded; "No." (N.T., 8/30/16, pg. 6)

Considering that the jury had not yet been sworn in and no testimony had been taken, the Court concluded that this encounter was brief and coincidental, having no bearing on the trial. Furthermore, counsel, when asked if it "is still necessary to bring out the juror," responded; "No, not based on that." (N.T., 8/30/16, pg. 6)

Defendant has utterly failed to address his burden of establishing how he was prejudiced by this encounter. The Court finds Defendant was not prejudiced by counsel's failure to question the juror involved.

## IV.    DEFENDANT WAS NOT ENTITILED TO AN EVIDENTIARY HEARING.

Defendant complains that the Court "was in error in failing to grant an evidentiary hearing on the above issues." Defendant's complaint is without merit.

There is no absolute right to an evidentiary hearing under the PCRA. *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997); *In accord, Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012). A "PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues of material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings...To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his

11

favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (Internal citations omitted) That is, to justify a hearing, Defendant must prove that there is a genuine issue of material fact which could entitle him to relief. ***Commonwealth v. Clark***, 961 A.2d 80, 84 (Pa. 2008); ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004); Pa.R.Crim.P. 908(A)(2).

As discussed above, the Court finds Defendant has failed to "raise a genuine issue of fact which, if resolved in his favor, would have entitled him to relief." Defendant has not met, nor even attempted to address, his burden under ***Strickland/Pierce.***

## CONCLUSION

In conclusion, upon careful review of the record before it, the Court finds that Defendant has failed to meet his burden in establishing that trial counsel failed to render effective representation in failing to file post-trial motions or in failing to question a juror. The Court also finds that Defendant has failed to raise any material issues necessitating an evidentiary hearing.

BY THE COURT:

March 2, 2020

_____ J.
HON. CHARLES J. CUNNINGHAM, III

12